**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 91-3982
_____


NEWPARK SHIPBUILDING & REPAIR, INC.,

Plaintiff-Appellee,

VERSUS

M/V TRINTON BRUTE, a/k/a
M/V GLENN W. MCKINNEY, ETC., ET AL.,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Middle District of Louisiana
_____
(September 13, 1993)

Before DAVIS, DUHÉ, and WIENER, Circuit Judges.

BY THE COURT:

Appellee Newpark Shipbuilding & Repair, Inc. ("Newpark") seeks dismissal of the appeal of vessel owner McKinney Harbor Towing, Inc. ("McKinney") from an **in rem** judgment in favor of Newpark. We dismiss McKinney's appeal for lack of jurisdiction.

I.

Newpark brought an **in rem** action against the M/V TRINTON BRUTE, owned by McKinney and bareboat chartered to Trinton Marine Transportation, Inc. New Park's action sought to recover for past due repairs it had performed on the vessel. McKinney entered a restricted appearance pursuant to Supplemental Admiralty Rule E(8) to defend the vessel from the **in rem** claim.

The district court entered judgment in favor of Newpark and ordered the TRINTON BRUTE sold at a marshal's sale. Newpark was the successful bidder at the sale and substituted its judgment in lieu of payment for the vessel. McKinney filed a motion to stay disbursement of the sale proceeds, which the district court denied. Newpark took title to the partially scrapped vessel and subsequently resold it to McKinney. McKinney noticed its appeal of the district court's judgment in favor of Newpark. Newpark has moved to dismiss McKinney's appeal for lack of jurisdiction.

## II.

McKinney argues that this court has jurisdiction of this appeal under the teaching of the recent Supreme Court decision in **Republic National Bank of Miami v. United States**, ___ U.S. ___, 121 L.Ed.2d 474 (1992). In **Republic**, the government seized a house that had been purchased with the proceeds of narcotics trafficking. After a trial on the merits, the district court ordered the proceeds of the sale of the house forfeited to the government, which deposited the funds in the U.S. Treasury. Republic National Bank claimed a lien on the funds and appealed. The court of appeals held that it had no jurisdiction over the Bank's appeal, because the transfer of the res (the sale proceeds) from the court's territorial jurisdiction destroyed **in rem** jurisdiction over the case.

The Supreme Court reversed, holding that "in an **in rem** forfeiture action, the Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the res from the District." 121 L.Ed.2d at 484. The Court rejected the

2

government's argument that the Court's continued control of the res in admiralty cases is necessary to preserve the court's **in rem** maritime jurisdiction. The Court concluded that such a rule

> thus does not exist, and we see no reason why it should. The fictions of **in rem** forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for aggrieved parties, . . . not to provide a prevailing party with a means of defeating its adversary's claim for redress.

**Id.** at 483-84. Thus, the Court concluded that the court of appeals did not lose jurisdiction of the case when the funds were transferred to the U.S. Treasury.

The Court identified an exception to appellate jurisdiction in cases where the absence of the res would render the judgment useless. A judgment would be "useless" if "'the thing could neither be delivered to the libellants, nor restored to the claimants.'. . . [T]his exception 'will not apply to any case where the judgment will have any effect whatever.'" **Id.** at 482 (quoting **United States v. The Little Charles**, 26 F. Cas. 979, 982 (C.C. Va. 1818). The "useless judgment exception" did not apply in **Republic**, because the government had possession of the specific "substitute res"-- the sale proceeds-- and an appropriations statute "authoriz[ed] the payment of funds in the event petitioner were to prevail in the underlying forfeiture action." **Id.** at 489.

In this case, by contrast, there never was a substitute res. Newpark used its judgment to purchase the TRINTON BRUTE; no money changed hands as a result of the marshal's sale. Moreover, the vessel is no longer the res; a marshal's sale discharges all liens against the ship and grants the purchaser title free and clear of liens. Grant Gilmore and Charles L. Black, Jr., **The Law of**

3

**Admiralty** § 9-85 (1975).  Unlike the situation in **Republic**, we cannot trace the res or its proceeds to a particular fund in Newpark's possession.

A judgment in favor of appellant in this case would be effectively unenforceable.  Appellant McKinney has possession of the TRINTON BRUTE; there is nothing in Newpark's possession that could be regarded as the res.  For McKinney to be able to recover from Newpark, we would effectively have to convert the judgment from one **in rem** to a judgment **in personam**.  We decline to so extend the holding in **Republic**.  Therefore, we conclude that this case falls within Republic's "useless judgment" exception to appellate **in rem** jurisdiction and we dismiss McKinney's appeal.[1]

APPEAL DISMISSED.

---

[1] McKinney attempts to analogize this case to our decision in **Elliott v. M/V LOIS B.**, 980 F.2d 1001 (5th Cir. 1993).  In **Elliott**, the judgment awarding Lancon superior title was not useless, because Lancon could use that judgment in likely litigation with a subsequent purchaser of the vessel.