33 F.3d 1299
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL ESTATE AT 3262 SW 141 AVENUE, MIAMI, DADE
COUNTY, FLORIDA, Defendant,
Great Western Bank, et al., Claimants,
Jose Gonzalez, Claimant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL ESTATE AT 3262 SW 141 AVENUE, MIAMI, DADE
COUNTY, FLORIDA, etc., Defendant,
Great Western Bank, et al., Claimants,
Marilyn Gonzalez, Claimant-Appellant.
 Nos. 91-5914, 91-6005
 Non-Argument Calendar.
United States Court of Appeals,
Eleventh Circuit.
 Oct. 3, 1994.
 
 Jose Gonzalez, pro se.
 Marilyn Gonzalez, pro se.
 Michele L. Crawford, Linda Collins Hertz, Lisa T. Rubio, Jeanne M. Mullenhoff, Michele L. Crawford, Asst. U.S. Attys., Miami, FL, for appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before COX, BIRCH and CARNES, Circuit Judges.
 BIRCH, Circuit Judge:
 
 
 1
 In this civil forfeiture case, the government seeks dismissal of consolidated appeals resulting from entry of a default judgment. Because we lack jurisdiction, we grant the government's motion. The dispositive jurisdictional issue is one of first impression for our circuit. We also deny appellants' request for sanctions against the government.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Pursuant to 21 U.S.C. Sec. 881(a)(6), the government filed a civil complaint for forfeiture in rem of the residence owned by claimants-appellants Jose and Marilyn Gonzalez ("Jose" and "Marilyn"). The government alleged that the home was purchased with proceeds from Jose's cocaine trafficking, for which he had been convicted.[1] The value of the home was estimated to be $170,000.
 
 
 3
 Both Jose and Marilyn failed to answer the complaint.[2] The district court granted the government's application for entry of default against them. The government then moved for entry of default judgment. In February, 1990, the district court entered a final judgment of forfeiture for the subject property. The final judgment also adjudicated the rights of two creditors that had filed claims: Great Western Bank ("Great Western"), which held a mortgage on the property, and Independent Savings Plan Company ("ISPC"), which held a lien on the property. No appeal was taken from the final judgment.
 
 
 4
 In June, 1990, Jose, who was incarcerated following his conviction for cocaine possession, filed a pro se motion to set aside the default judgment.[3] The district court referred Jose's motion to a magistrate judge, who conducted an evidentiary hearing on the motion to set aside the default judgment.[4] The magistrate judge found that, because the attorney never agreed to represent Jose in the forfeiture action and Jose had filed several pro se pleadings in his criminal case before entry of final judgment of forfeiture, he was not relying on the attorney to protect his rights in the civil action. The magistrate judge concluded that, since Jose had not shown excusable neglect or likelihood of prevailing on the merits of his claim to the property, he was not entitled to relief under Federal Rule of Civil Procedure 60(b)(1). Accordingly, the magistrate judge recommended that Jose's motion to set aside the default judgment be denied.
 
 
 5
 Before the district court could act on the magistrate judge's report and recommendation, Jose moved to stay execution of the forfeiture judgment. The government responded by seeking an order permitting an interlocutory sale of the property. On May 31, 1991, the district court granted both motions; it permitted the sale but withheld execution of the final judgment. On the same date, the district court also gave Jose thirty days to file any evidence tending to prove a defense to the forfeiture.
 
 
 6
 On June 18, 1991, Jose filed an emergency motion to stay the immediate interlocutory sale of the real property and contended that the subject property was protected from forfeiture under the Florida Constitution because it was his homestead.[5] The government argued that Florida law did not exempt homestead property from federal forfeiture and that no evidence of any other defense to the forfeiture had been presented.[6] The district court rejected Jose's homestead defense and denied his emergency motion to stay the sale.
 
 
 7
 On August 5, 1991, Jose moved for reconsideration of the district court's denial of his emergency motion to stay the sale. The district court denied this motion. On September 5, 1991, the district court adopted the magistrate judge's report and recommendation and denied Jose's motion to set aside the entry of default judgment. Jose moved for reconsideration. The district court denied his motion because Jose failed to raise any grounds for reconsideration.
 
 
 8
 On October 3, 1991, proceeds in the amount of $138,238.23 were deposited with the court following the sale of the subject property. Pursuant to a joint stipulation among the government and the priority claimants, the district court subsequently ordered distribution of the sale proceeds from the court registry in the amounts of $135,292.03[7] to Great Western and $5,400.26 to ISPC. Following deduction of the sale costs by the United States Marshal and disbursement to the priority claimants, no proceeds remained from the sale of the subject property.[8]
 
 
 9
 Jose filed interlocutory appeals of the district court's denials of his motion to reconsider his motion for an emergency stay of the summary interlocutory sale of the subject property and reconsideration of its denial of reconsideration of this motion. After the district court denied his motion to set aside the entry of default judgment, Jose dismissed his previous two appeals in this court and appealed the latter denial, which is the appeal before us. Jose, however, attempts to pursue all of his previous contentions in this third appeal.
 
 
 10
 Following the district court's denial of Jose's motion to set aside the default judgment, Marilyn filed a pro se motion for leave to join as a party to the action and to adopt her husband's prior and future motions. The district court denied Marilyn's motion as moot because it had denied Jose's motion to vacate the default judgment. She appealed this denial of her motion to join as a party in the case and to adopt Jose's motions. This court consolidated the two appeals.
 
 
 11
 In its motion to dismiss these consolidated appeals, the government argues that disbursal of the sale proceeds to satisfy the undisputed priority claimants deprives this court of in rem jurisdiction.[9] Jose and Marilyn respond that, because the government waited until after filing its merits brief to move for a dismissal, the government should be sanctioned for filing a frivolous motion in bad faith. The government's motion has been carried with the case as well as the pro se request for sanctions.
 
 II. DISCUSSION
 A. In Rem Jurisdiction
 
 12
 As the threshold issue in this appeal, we address the government's motion to dismiss these appeals because the sale of the res and disbursal of proceeds to undisputed priority claimants deprived this court of in rem jurisdiction. The Supreme Court has held "that, in an in rem forfeiture action, the Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the res from the District." Republic Nat'l Bank v. United States, --- U.S. ----, ----, 113 S.Ct. 554, 559-60, 121 L.Ed.2d 474 (1992).[10] In Republic National Bank, the district court ordered the sale proceeds from a house, seized by the government because it had been purchased with narcotics trafficking funds, to be deposited in the United States Treasury.
 
 
 13
 Using the admiralty rule that jurisdiction in an in rem forfeiture proceeding results from continued control of the res,[11] the government made an argument similar to the one that it makes in this case. It contended that the court lacked jurisdiction because the forfeited property had been sold and the sale proceeds deposited into the Treasury. To the contrary, the Court explained that continued possession "was not necessary to maintain jurisdiction over an in rem forfeiture action" because of the " 'general principle, that jurisdiction, once vested, is not divested, although a state of things should arrive in which original jurisdiction could not be exercised.' " Id. at ----, 113 S.Ct. at 558 (quoting United States v. The Little Charles, 26 F.Cas. 979, 982 (C.C.Va.1818)). The Court concluded that "[n]o settled rule requires continuous control of the res for appellate jurisdiction in an in rem forfeiture proceeding." Id. at ----, 113 S.Ct. at 562; see Elliott v. M/V Lois B, 980 F.2d 1001, 1004 (5th Cir.1993) ("[O]nce jurisdiction is established by seizure of the res, the court ordinarily maintains jurisdiction until the litigation ends.... [R]emoval of the res did not destroy that in rem jurisdiction."). The Court further clarified that "[t]he fictions of in rem forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for aggrieved parties, not to provide a prevailing party with a means of defeating its adversary's claim for redress." Republic Nat'l Bank, --- U.S. at ----, 113 S.Ct. at 559 (citations omitted).
 
 
 14
 The Court did identify an exception for a " 'useless' " judgment, id. at ----, 113 S.Ct. at 558, when control is lost over the res or there is abandonment of the property " 'before judicial proceedings are instituted,' " id. at ----, 113 S.Ct. at 558-59 (alteration in original) (quoting The Brig Ann, 13 U.S. (9 Cranch) 289, 291, 3 L.Ed. 734 (1815)); accord United States v. 1988 Oldsmobile Cutlass Supreme, 983 F.2d 670, 674-75 (5th Cir.1993). The Court, however, explained that this useless judgment exception to appellate jurisdiction would not apply where " 'the judgment will have any effect whatever.' " Republic Nat'l Bank, --- U.S. at ----, 113 S.Ct. at 558 (quoting The Little Charles, 26 F.Cas. at 982). A majority of the Court found that the exception would not apply where the government possessed the res in another form or a substitute res, such as sale proceeds. Id. at ----, 113 S.Ct. at 563.
 
 
 15
 The government asserts that the sale of the Gonzalez residence and transfer of the proceeds to undisputed priority claimants made any appeal "useless." We have not heretofore addressed the applicability of the useless judgment exception.[12] The Court limited the applicability of the useless judgment exception to cases where the judgment would be totally ineffective, such as where " 'the thing could neither be delivered to the libellants, nor restored to the claimants.' " Republic Nat'l Bank, --- U.S. at ----, 113 S.Ct. at 558 (quoting The Little Charles, 26 Fed.Cas. at 982).
 
 
 16
 In this case, it is undisputed that the subject real property has been sold and the proceeds disbursed completely to the priority claimants, Great Western and ISPC. Even the government could acquire no proceeds from the forfeiture sale. While we hold pro se litigants to less stringent standards in their filings with courts than we do lawyers, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam), Jose and Marilyn can neither have their home restored to them nor acquire any proceeds from that sale should they obtain a judgment in their favor. Therefore, a judgment for Jose and Marilyn would be useless, and we are without jurisdiction to proceed to the merits of their consolidated appeal. Republic Nat'l Bank, --- U.S. at ----, 113 S.Ct. at 558-59.
 
 B. Sanctions
 
 17
 In their response to the government's motion to dismiss their appeals, Jose and Marilyn request that this court sanction the government for not moving to dismiss the appeals until the day after it had filed its merits brief. They contend "that the government's motion to dismiss the appeals was filed in bad faith, and made only to mislead this court and delay the appellate proceedings." Jose and Marilyn Gonzalez's Response to the Government's Motion to Dismiss the Appeals at 2 n. 2. They cite 18 U.S.C. Sec. 3162(b)(C) in support of their request for sanctions and urge this court to dismiss the government's motion as frivolous and meritless.
 
 
 18
 Section 3162 relates to criminal proceedings solely. Other statutes and procedural rules authorize sanctioning a party in a civil appeal. See, e.g., 28 U.S.C. Sec. 1927 (excessive costs); Fed.R.App.P. 38 (frivolous appeal); 11th Cir.R. 42-2 (frivolous appeal). Based upon our review of the record and following Republic National Bank, we find that the government's motion to dismiss was proper and not frivolous or meritless. Further, we note that the government did explain this court's lack of jurisdiction under Republic National Bank in its merits brief.[13] Therefore, the government's motion to dismiss the consolidated appeals was appropriate. Accordingly, we will not sanction the government for moving to dismiss the appeals of Jose and Marilyn after filing its merits brief.
 
 III. CONCLUSION
 
 19
 Jose and Marilyn appeal various rulings by the district court in connection with the civil forfeiture of their home pursuant to section 881(a)(6) and attempt to raise additional issues with this court. As we analyze herein, we conclude that there is no appellate in rem jurisdiction in this case. Accordingly, their consolidated appeals are DISMISSED. Jose and Marilyn's request for sanctions against the government for moving to dismiss these appeals is DENIED.
 
 
 
 [1]
 On December 15, 1988, Jose was arrested with others aboard a vessel in Islamorada, Florida, in possession of 267 kilograms of cocaine valued in excess of $4,000,000. The government's investigation into Jose's business activities during the period of September, 1985, through January, 1989, did not reveal any legitimate source of income or assets sufficient to provide even a portion of the purchase price of the subject property acquired on September 27, 1987, or two parcels of land and several new automobiles purchased after the property in question. Jose admitted ownership of all of these assets at his pretrial detention hearing. He subsequently was convicted and is incarcerated for his cocaine trafficking. See United States v. Gonzalez, 961 F.2d 1581 (11th Cir.1992) (summary affirmance of Jose's criminal conviction and sentence)
 
 
 [2]
 Although the government personally served Jose, who was incarcerated, he never answered. A copy of the complaint was sent to Marilyn at the subject property, her only known address, but it was returned unexecuted because nobody was living there. The government then notified Marilyn by publication in the local legal newspaper. There was no response. When the United States Marshal served or posted process on the subject property, he noted: "RETURNED EXECUTED. ATTACHED SINGLE FAMILY RESIDENCE. RESIDENCE WAS VACANT AND ALL PERSONAL PROPERTY REMOVED." R1-11 (service of process on defendant property)
 
 
 [3]
 While Jose admitted receiving the complaint in February, 1989, he represented that he gave it to his attorney to pursue; that he was unaware of the motion for default judgment, the consequences of failing to respond, and his attorney's failure to answer; and that only recently had he been apprised of the entry of the forfeiture judgment
 
 
 [4]
 At the evidentiary hearing, Jose's former attorney in his criminal case testified that he represented Jose from January to September, 1989, and that he discussed the forfeiture with him, but that he never agreed to represent him in the action because he did not handle forfeiture cases. The attorney recalled that Jose instructed him to "let it go." R3-10. Jose testified that he trusted the attorney to object to the forfeiture of his residence
 
 
 [5]
 In pertinent part, the Florida Constitution relating to the homestead exemption provides:
 There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person: (1) a homestead, ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.
 Fla. Const. art. X, Sec. 4(a) (emphasis added).
 
 
 [6]
 We have held that federal forfeiture law preempts the Florida homestead exemption from forfeiture. United States v. 18755 N. Bay Rd., 13 F.3d 1493, 1498 (11th Cir.1994)
 
 
 [7]
 This sum is comprised of the principal amount of $115,279.57 plus interest from February 10, 1990, through the date of sale, pursuant to the terms of the promissory note executed by Jose and Marilyn
 
 
 [8]
 We are cognizant that the amounts disbursed to Great Western and ISPC exceed the sale proceeds deposited into the registry of the court. Apparently, sufficient interest accrued to account for the difference in the sale proceeds deposited and the cumulative amount paid to the two priority claimants because Great Western and ISPC received disbursement of their stipulated funds. The government, however, received no proceeds whatsoever
 
 
 [9]
 The government also asserts that the sale of the subject property renders the action moot. Because we have determined that the jurisdictional issue presented is dispositive, we need not address the government's mootness arguments pursuant to B & B Chemical Co. v. United States EPA, 806 F.2d 987, 990 (11th Cir.1986) (discussing the mootness concept and analysis under Article III of the United States Constitution)
 
 
 [10]
 In Republic National Bank, the Supreme Court reversed this court's decision in United States v. 6960 Miraflores Avenue, 932 F.2d 1433 (11th Cir.1991), in which we relied on our decision in United States v. One Lear Jet Aircraft, 836 F.2d 1571 (11th Cir.) (en banc) (holding that the removal of sale proceeds from a residence terminated the district court's in rem jurisdiction), cert. denied, 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 881 (1988), to conclude that removal of the res from a district court's territorial jurisdiction also terminated appellate jurisdiction. 6960 Miraflores Ave., 932 F.2d at 1435-36
 
 
 [11]
 "A civil forfeiture proceeding under Sec. 881 is an action in rem, 'which shall conform as near as may be to proceedings in admiralty.' " Republic Nat'l Bank, --- U.S. at ----, 113 S.Ct. at 557 (quoting 28 U.S.C. Sec. 2461(b))
 
 
 [12]
 The Fifth Circuit dismissed an appeal under the useless judgment exception, but that case involved a different factual situation. Newpark Shipbuilding & Repair v. M/V Trinton Brute, 2 F.3d 572 (5th Cir.1993) (per curiam). In Newpark Shipbuilding, a claimant who prevailed in a forfeiture action exchanged the judgment for the res at the marshal's sale. Thus, "there never was a substitute res." Id. at 573. Because no money changed hands at the marshal's sale and the vessel was no longer the res, the Fifth Circuit determined that the original res did not exist and that the marshal's sale discharged all liens and vested free and clear title in a third party under admiralty law. Id. Accordingly, that court dismissed the appeal for lack of jurisdiction under Republic National Bank. Id
 
 
 [13]
 After discussing Republic National Bank, the government explained the lack of appellate jurisdiction:
 After the priority claimants were paid, there were no proceeds to serve as a substitute res. Because there is no longer a res to be delivered to the appellant or to the United States, this Court's exercise of appellate jurisdiction will have no effect whatsoever. This Court should, therefore, dismiss the instant appeal for lack of continuing in rem jurisdiction.
 Appellee's Brief at 21-22.