**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4182**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAQUIN JAMAL PRATT,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:18-cr-00337-BO-1)

Submitted: January 31, 2020                 Decided: March 6, 2020

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Amos G. Tyndall, PARRY TYNDALL WHITE, Chapel Hill, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaquin Jamal Pratt appeals his 120-month sentence following his guilty plea to interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2018). On appeal, Pratt argues that the district court committed procedural error by failing to properly consider the statutory sentencing factors under 18 U.S.C. § 3553(a) (2018) and by failing to explain why these factors justified the sentence imposed. Pratt further argues that his above-Sentencing-Guidelines sentence is substantively unreasonable. Because the district court's explanation of the chosen sentence was insufficient, we vacate Pratt's sentence and remand for resentencing.

"We review the reasonableness of a sentence under 18 U.S.C. § 3353(a) using an abuse-of-discretion standard, regardless of 'whether the sentence is inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Arguments made under § 3553(a) for a sentence different than the one eventually imposed are sufficient to preserve claims that the district court erred in not adequately explaining its rejection of sentencing arguments. *United States v. Lynn*, 592

2

F.3d 572, 578-79 (4th Cir. 2010). Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence. *Id*. at 51.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented" and explain the basis for the sentence sufficiently to "allow[ ] for meaningful appellate review" and to "promote[ ] the perception of fair sentencing." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (alteration and internal quotation marks omitted). The district court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.) *cert. denied*, 140 S. Ct. 206 (2019). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon the circumstances." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). "[I]t is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," but an appellate court "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). Moreover, it is "uncontroversial that a major departure" from the Guidelines "should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50.

Here, the district court focused nearly exclusively on the nature and circumstances of the offense and failed to explain how any of the other § 3553(a) factors supported the

3

chosen sentence, which was a significant upward variance from the Guidelines range. Moreover, the district court failed to address counsel's arguments regarding Pratt's upbringing, mental issues, drug use, and lack of significant prior criminal history. The district court's insufficient explanation constitutes procedural error.

If we find procedural error, we must vacate unless the error was harmless. *United States v. Gomez-Jimenez*, 750 F.3d 370, 379 (4th Cir. 2014). Under harmless error review, the Government "may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result," and this court can conclude, "with fair assurance" that explicit consideration of the defendant's arguments would not have affected the outcome. *United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks omitted). We cannot say with fair assurance that a more robust consideration of Pratt's nonfrivolous arguments would have had no impact on the sentence imposed. Accordingly, the district court's error was not harmless.

We therefore vacate Pratt's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4