UNITED STATES of America, Plaintiff–Appellee,

v.

ONE 1987 MERCEDES 560 SEL, Defendant.

Appeal of James JONES, Owner (Three Cases).

UNITED STATES of America, Plaintiff–Appellee,

v.

ONE 1986 BMW 325ES, VIN: WBAAB5404G9682485, Defendant.

UNITED STATES of America, Plaintiff–Appellee,

v.

ONE $50,000 CERTIFICATE OF DEPOSIT AT FIRST FINANCIAL BANK, ACCOUNT NUMBER: 1106944298–07, Defendant.

No. 89–3769.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1990.

---

Dianne E. Varisco and Frank G. DeSalvo, New Orleans, La., for James Jones.

Constantine D. Georges, Asst. U.S. Atty. and John Volz, U.S. Atty., New Orleans, La., for U.S.

Before RUBIN, SMITH, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Appellant James Jones was accused of participating in drug trafficking. The government brought a civil forfeiture suit seeking to confiscate the alleged drug proceeds. At trial, the government introduced evidence to show that Jones had opened a bank account the day after a large shipment of marihuana had been brought in by his nephew and that Jones's income from his construction company was insufficient to support the large deposits he had made to this account. In addition, the government introduced the testimony of two witnesses who claimed that Jones, carrying a suitcase filled with money, had participated in between four and eight marihuana deals.

On appeal, Jones contends that this evidence is insufficient to show a substantial connection between drug trafficking and his assets and that the government thus failed to show probable cause for seizing his chattels. Finding no error, we affirm.

## I.

In May 1987 the Drug Enforcement Administration (DEA) seized a vessel, the TRIDENT EXPRESS, which was loaded with 37,000 pounds of marihuana. The DEA arrested several people, including Fred Scott and his uncle, James Jones, the claimant in this case. Scott was arrested while loading a truck in the off-load area; Jones and one of the co-defendants were arrested while walking along a nearby highway. Scott subsequently pled guilty to conspiracy; Jones was acquitted of all criminal charges.

The DEA believed that the same persons who were involved with the TRIDENT EXPRESS also were involved with an earlier importation of 20,000 pounds of marihuana brought in aboard another vessel, the MR. WILFRED. DEA Agent Luzinski interviewed seven persons, all of whom either were co-defendants in Jones's earlier criminal case or otherwise involved in both loads, and two of whom identified photographs of Jones as the man who had accompanied Scott on deliveries of money. These witnesses contended that the marihuana was given to Scott and that two of the co-defendants then collected the money from Scott.

One witness told Luzinski that on approximately six different occasions, Scott and Jones brought suitcases filled with

anywhere from $800,000 to $2,000,000 to make the payoffs. This information was corroborated by another co-defendant, Angelo Pace, who stated that Jones had brought suitcases of money in the amounts of $800,000 to $1,000,000 on four occasions to pay for marihuana that had been given to Scott. A final co-defendant also identified Jones but recanted his testimony at trial.

DEA special agent Randle investigated both loads and Jones's role in the acquisition of a 1987 Mercedes Benz, a 1986 BMW, and a $50,000 certificate of deposit (CD). He testified that the MR. WILFRED load came into Louisiana on August 1, 1986, and that the marihuana was distributed successfully, resulting in sizeable cash proceeds.

On August 21, 1986, Jones opened a $100 account at the First Financial Bank in New Orleans in the name of Jones Construction Company. Bank records revealed that over the next year Jones subsequently deposited more than $315,000; $265,000 of this was deposited in cash. Scott purchased a 1987 Mercedes 300 with a $55,-504.44 check drawn on this account; a cash deposit of $55,000 had been made to the account the day before the purchase. Shortly thereafter, Scott traded in the 1987 Mercedes 300 for the defendant 1987 Mercedes 560, again paying for the remaining balance of $14,980.87 with a check from the account.

The defendant 1986 BMW was purchased by Jones on September 3, 1986, with a check written on the same account in the amount of $24,614.66; the $50,000 CD was purchased with funds from the account in March 1987. Based upon an analysis of Jones's tax returns and normal living expenses, the DEA determined that this money could not have been accumulated as savings.

The government filed a civil forfeiture action against the 1987 Mercedes 560 SEL. This complaint was consolidated with two other cases, one involving a forfeiture complaint against defendant 1986 BMW 325 ES, the other against the defendant $50,-000 CD.

Jones testified that all the money in his checking account was earned through construction work on housing restorations and that he and Scott were business partners. Jones explained that he conducted his business in cash and that if a client paid by check, he immediately would cash it at the client's bank and then deposit the cash in his own bank account. Jones did not call any witnesses to corroborate the construction work performed or the payments received for this work.

Following a non-jury trial, the district court found that probable cause existed to warrant forfeiture of all defendant property pursuant to 21 U.S.C. § 881(a)(6) (1988) and that the claimants failed to show that the assets were not purchased from illegal drug proceeds. Jones now appeals, seeking to overturn the judgment against his assets.

## II.

### A.

■ The district court's findings of fact are subject to the clearly-erroneous standard of review. *See United States v. One 1986 Nissan Maxima GL.*, 895 F.2d 1063, 1065 (5th Cir.1990). Determining whether "the facts adduced at a forfeiture hearing constitute probable cause is a question of law subject to de novo review by this court." *United States v. $38,600.00 in United States Currency*, 784 F.2d 694, 697 (5th Cir.1986).

■ Section 881(a)(6) provides for forfeiture to the United States of

[a]ll moneys ... or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, *all proceeds traceable to such an exchange*, and all moneys ... used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed without the knowl-

edge or consent of that owner. [Emphasis added.]

The government has the initial burden "to show probable cause for belief that a substantial connection exists between the property to be forfeited and a crime under Title 21." *United States v. $64,000.00 in United States Currency*, 722 F.2d 239, 244 (5th Cir.1984).

Probable cause is a "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. One 1978 Chevrolet Impala*, 614 F.2d 983, 984 (5th Cir.1980) (per curiam). It may be established by demonstrating "'by some *credible evidence*, the probability that the money was in fact drug related.'" *One 1986 Nissan Maxima GL.*, 895 F.2d at 1064–65 (quoting *United States v. $215,-300.00 in United States Currency*, 882 F.2d 417, 419 (9th Cir.1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 3242, 111 L.Ed.2d 752 (1990) (emphasis in original) (citation omitted)). Probable cause can be established by circumstantial or hearsay evidence. *Id.* at 1065.

Once the government establishes probable cause, the burden shifts to the claimant to prove by a preponderance of the evidence that the money used to purchase the properties in question came from an independent, non-drug-related source. *United States v. One 1980 Rolls Royce*, 905 F.2d 89, 90 (5th Cir.1990); *One 1986 Nissan Maxima GL.*, 895 F.2d at 1065. Thus, failure to refute the government's showing of probable cause results in forfeiture.

### B.

On appeal, Jones argues that the government had only a "mere suspicion of a possible connection" between the purchase of the assets and illegal activity and that he had a legitimate source of income with which he purchased the assets. He also contends that his acquittal on drug trafficking charges shows that he had no connection with the marihuana loads.

What Jones overlooks is that the burden of proof in a criminal trial differs from that involved in a forfeiture action. The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity; rather, "in forfeiture actions under 21 U.S.C. § 881(a)(6), the government merely must demonstrate the existence of 'probable cause for belief that a substantial connection exists between the property to be forfeited and the [illegal drug transaction].'" *United States v. $4,255,625.39*, 762 F.2d 895, 903 (11th Cir. 1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986) (quoting *United States v. $364,960.00 in United States Currency*, 661 F.2d 319, 323 (5th Cir. Unit B Nov. 1981) (emphasis omitted)).

In the instant case, Scott and Jones were implicated as the money men for the two loads of marihuana. While Jones was not linked to the loads other than by hearsay and circumstantial evidence, this is sufficient to support a finding of probable cause. *One 1986 Nissan Maxima GL.*, 895 F.2d at 1065. It is not necessary that the government trace the property to a particular drug transaction. *United States v. $4,255,625.39*, 762 F.2d at 904. Rather, it is the totality of the circumstances, not a minute parsing of each item of information, that leads to a finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 244 n. 13, 103 S.Ct. 2317, 2335 n. 13, 76 L.Ed.2d 527 (1983) (even "innocent behavior," when considered in its overall context, may "provide the basis for a showing of probable cause").

Evaluating the totality of the circumstances in this case, the following facts support a finding of probable cause: (1) The bank account bearing the name of Jones's business was established soon after the first load of marihuana arrived; (2) the bank account, in which Jones deposited more than $315,000, primarily received cash deposits; (3) the bank account funds were used to purchase a luxury automobile for Jones's nephew Scott, who was arrested and subsequently convicted for his involvement with the marihuana trafficking;

(4) Jones purchased a luxury automobile and a $50,000 CD with checks from this account; (5) he purchased for cash $75,000 in assets over an eight-month period, despite tax returns showing that his adjusted gross income in 1985 was $39,191 and in 1986 was $42,645; and (6) finally and most importantly, Jones was identified as a money man by two individuals involved with both loads of marihuana.

■ This evidence goes beyond a mere suspicion. When evaluating whether a forfeiture is proper under a statute, the evidence "must be judged not with clinical detachment but with a common sense view to the realities of normal life." *United States v. $4,255,625.39,* 762 F.2d at 904 (citations omitted). Individually, each fact does not provide a strong showing of probable cause. "Parsing evidence in isolation for a fatal flaw," however, "threatens to transform the standard of 'probable cause' into a steep threshold requirement that would impede the operation of the forfeiture statutes." *United States v. Thomas,* 913 F.2d 1111, 1117 (4th Cir.1990); *accord United States v. Wallraff,* 705 F.2d 980, 988 (8th Cir.1983) (courts should "not dissect strands of evidence as 'discrete and disconnected occurrences' "). The evidence here, when evaluated as a whole, is sufficient to make a prima facie showing of probable cause.

A finding of probable cause does not automatically result in forfeiture; instead, it merely shifts the burden of proof to the claimant. The bank's paper trail of largely cash deposits, in conjunction with two witnesses' identifying Jones as a money man, as well as his arrest while with a co-defendant, is sufficient to show a substantial connection between Jones's assets and drug trafficking proceeds. *See United States v. $41,305.00 in Currency & Travelers Checks,* 802 F.2d 1339, 1344 (11th Cir. 1986). The district court thus did not err in finding that the government had met its burden of showing probable cause.

### C.

■ After hearing testimony, the court found that Jones failed to show by a preponderance of the evidence that his assets did not flow from illegal drug transactions. This finding is protected by the clearly-erroneous standard on review. *One 1986 Nissan Maxima GL.,* 895 F.2d at 1065.

Because the government had introduced sufficient evidence to show probable cause to seize Jones's assets, Jones had the burden to show by a preponderance of the evidence that the assets were acquired legitimately. *Id.* Jones, however, did not introduce any evidence to rebut the showing of probable cause. He has not shown that the numerous deposits into the account came from non-drug-related sources. Nor has he explained adequately how someone with his income was able to purchase $75,000 in assets within an eight-month period.

■ It would have been simple for Jones to try to discharge his burden by, for example, introducing an accounts-receivable ledger detailing various construction jobs or by affirming at least one example of the many checks that he claimed he cashed and then deposited at his own bank. But Jones introduced no such exculpatory evidence and instead chose to rely simply upon his own testimony. Under these circumstances, Jones failed to carry his burden of showing by a preponderance of the evidence that his account and car were the fruits of his construction work. The district court thus correctly found that Jones's assets were the products of drug trafficking.[1]

Because the government presented adequate evidence to establish probable cause to seize Jones's assets, and because Jones

---

**1.** We are aware that our recent decision in *One 1980 Rolls Royce* dictates that any portion of Jones's assets attributable to legitimate activities cannot be taken by the government. The burden of showing that the funds are legitimate is on the claimant, however, once the government has shown that the assets were purchased with the proceeds of drug trafficking. 905 F.2d at 92. Jones failed to introduce any evidence, aside from his own testimony, indicating that any portion of the assets was obtained legitimately. Under these circumstances, the court properly awarded the entire amount of the assets to the government.

then failed to show by a preponderance of the evidence that his assets were gained legitimately, we agree with the district court that the government has made a sufficient showing for it to take Jones's automobiles and $50,000 CD. Accordingly, the judgment is AFFIRMED.