United States Court of Appeals,

Fifth Circuit.

No. 92-8068

(Summary Calendar).

UNITED STATES of America, Plaintiff-Appellee,

v.

1988 OLDSMOBILE CUTLASS SUPREME 2 DOOR, VIN # 1G3WR14W5JD323281, Defendant,

Aracely A. Gabaldon, Claimant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

ONE 1990 SUZUKI SIDEKICK, JX, VIN # JS4TA01C1L4131791, Defendant,

Alfredo Gabaldon and Justina Gabaldon, Claimants-Appellants.

UNITED STATES of America, Plaintiff-Appellant,

v.

ONE 1990 GMC 1500 SIERRA PICKUP, VIN # 2GTEC19KXL1563881, Defendant,

Herminia Carbajal, Claimant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

ONE 1990 GMC 1500 SUBURBAN, VIN # 1GKEV16K3LF511309, Defendant,

Aracely A. Gabaldon, Claimant-Appellant.

Feb. 19, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before KING, DAVIS, and WIENER, Circuit Judges.

WIENER, Circuit Judge.

In these consolidated civil forfeiture proceedings, which arose from an Internal Revenue Service criminal investigation, the Claimants-Appellants Aracely Gabaldon, Alfredo Gabaldon, Justina Gabaldon, and Herminia Carbajal appeal the district court's grant of summary judgment in favor of

the government. This appeal affords one of our first opportunities to apply the recent holding of the Supreme Court implicating continuing jurisdiction despite intervening dispositions of forfeited articles and the proceeds of such dispositions. In that context we find that we have jurisdiction; we also find no reversible error in the ruling of the district court, and therefore affirm its grant of summary judgment.

I

FACTS AND PROCEEDINGS

The IRS investigated six individuals—Rene Gabaldon, Alfredo Gabaldon, Aracely Gabaldon, Justina Gabaldon, Pablo Carbajal, and Herminia Carbajal—in connection with structuring currency transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(1) and (3). Three of the six—Rene, Alfredo, and Pablo Carbajal were eventually convicted of the charges. Aracely Gabaldon and Herminia Carbajal were found not guilty by the jury; and Justina Gabaldon was never indicted. The government filed verified complaints for forfeiture against four motor vehicles allegedly involved in the crimes: (1) a 1988 Oldsmobile Cutlass Supreme; (2) a 1990 Suzuki Sidekick JX; (3) a 1990 GMC Sierra Pickup; and (4) a 1990 GMC 1500 Suburban. In response, Aracely Gabaldon submitted a claim for the Cutlass and the Suburban; Alfredo and Justina Gabaldon submitted a claim for the Suzuki Sidekick; and Herminia Carbajal submitted a claim for the Sierra Pickup. The Cutlass, the Suzuki, and the Sierra were transferred from the custody of the United States Marshal to other government agencies in March and April 1992, almost a year after submission of the claims. The Suburban, however, apparently remains in the custody of the Marshal Service.

1. *1988 Oldsmobile Cutlass*

The evidence submitted by the Government showed that on February 1990, Rene Gabaldon negotiated the purchase of a 1988 Oldsmobile Cutlass for a total of $10,300. Records obtained from the dealer reflect that claimant Aracely Gabaldon paid $5,300 of that amount in cash and Rene Gabaldon paid the remaining $5,000 in cash on the same day. The cutlass was registered in the name of claimant Aracely Gabaldon.

Records obtained from another car dealership show that Rene Gabaldon had purchased a car

in 1988 for $13,006 in cash. An IRS Form 8300, Report of Cash Payments Over $10,000 Received in a Trade or Business, was completed for this purchase and signed by Rene Gabaldon. Thus, the government demonstrated that Rene had knowledge of the requirement for a currency transaction report when a trade or business receives cash amount greater than $10,000.

2. *1990 Suzuki Sidekick*

On July 20, 1990, Alfredo Gabaldon purchased a 1990 Suzuki Sidekick JX for approximately $16,000. He paid $9,000 of this amount in cash and the remaining $7,000 by cashier's check obtained that same day. Records submitted by the government showed that Alfredo Gabaldon had purchased a vehicle in July 1989 for $17,060.02 cash and that he had signed an IRS Form 8300, thereby demonstrating that he too knew of the requirement for a currency transaction report when a trade or business receives a cash amount greater than $10,000.

3. *1990 Sierra Pickup and 1990 GMC Suburban*

On February 17, 1990, Rene Gabaldon and Pablo Carbajal negotiated for the purchase of a 1990 Sierra Pickup and a 1990 GMC Suburban and produced a plastic grocery sack containing $50,000 in cash. Rene informed the salesman that he did not want a currency report completed in connection with the purchase, but the salesman advised that the form was necessary if the transaction involved in excess of $10,000 cash. Rene, Carbajal, and the salesman proceeded to a bank where each purchased a cashier's check in the amount of $9,500. All three cashier's checks were payable to the car dealership. The men then went to another bank where Gabaldon gave the salesman the cash to purchase a cashier's check in the amount of $5,000, also payable to the car dealership.

After obtaining the various cashier's checks in this manner, the three men returned to the dealership where they completed the purchase transactions for the two vehicles using a combination of the checks and some of the remaining cash from the grocery bag. On the following Monday, the title to the Suburban was registered in the name of Rene's eighteen year old sister, Aracely Gabaldon. On the same day, Carbajal and his wife, Herminia, went to the dealership and had title to the Sierra Pickup registered to Herminia.

The government filed a motion for summary judgment in each of the cases, seeking forfeiture

of the vehicles. The district court granted the motion, finding that the government had shown that the vehicles seized were involved in transactions or attempted transactions involving violations of 31 U.S.C. § 5324(3) and that the claimants had failed to show that such facts did not actually exist.

## II

## STANDARD OF REVIEW

"This court reviews the grant of summary judgment motions de novo, using the same criteria used by the district court in the first instance."[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] "When a proper motion for summary judgment is made, a nonmoving party who wishes to avoid judgment by establishing a factual dispute must set forth specific facts showing that there is a genuine issue for trial."[3]

In a civil forfeiture case, the government has the initial burden of showing probable cause for its belief that there exists a substantial connection between the property forfeited and the crime.[4] Once the government has made a proper motion for summary judgment, alleging, inter alia, the existence of probable cause, the grant of such a motion is proper if the claimant fails to show that the facts constituting probable cause do not actually exist.[5] Although we review the district court's finding of facts for clear error, the question of whether the facts are sufficient to constitute probable cause is a question of law, which we review de novo.[6]

## III

## ANALYSIS

---

[1] *Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992).

[2] FED.R.CIV.P. 56(c).

[3] *Hanks,* 953 F.2d at 997.

[4] *United States v. One 1987 Mercedes 560 SEL,* 919 F.2d 327, 331 (5th Cir.1990).

[5] *United States v. LITTLE AL,* 712 F.2d 133, 137 (5th Cir.1983).

[6] *One 1987 Mercedes SEL,* 919 F.2d at 330.

A. *Statutory Background*

In these consolidated actions, the government seeks the forfeiture of the four named vehicles under 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "any property, real or personal, involved in a transaction or attempted transaction in violation of Section 5313(a) or 5324 of Title 31, or of Section 1956 or 1957 of [Title 18] or any property traceable to such property."[7] We have held that § 5313(a) requires that a business enterprise file a currency transaction report (CTR) for every deposit of cash or currency which exceeds $10,000.[8] Section 5324(3) prohibits the attempted or actual structuring of a transaction, and assisting in such an actual or attempted structuring, in avoidance of the § 5313(a) reporting requirements.

The government's initial burden in a civil forfeiture case is to demonstrate that probable cause exists for the belief that a substantial connection exists between the property sought to be forfeited and the illegal activity.[9] In a forfeiture proceeding based on violations of 31 U.S.C. § 5324(3), the government must show probable cause that the property is tainted, i.e., involved in a transaction in violation of § 5324(3).[10] The proof of probable cause is satisfied when there is "a reasonable ground for belief ... supported by less than prima facie proof but more than mere suspicion."[11] Once the government makes this showing, the burden shifts to the claimant to demonstrate by a preponderance of the evidence that factual predicates for forfeiture have not been met[12] or that a defense to the forfeiture applies.[13]

B. *Jurisdiction*

---

[7]18 U.S.C. § 981(a)(1)(A).

[8]*United States v. Herron,* 825 F.2d 50, 52 n. 1 (5th Cir.1987).

[9]*One 1987 Mercedes 560 SEL,* 919 F.2d at 331.

[10]*United States v. 316 Units of Mun. Sec.,* 725 F.Supp. 172, 177 (S.D.N.Y.1989).

[11]*United States v. One 1986 Nissan Maxima GL,* 895 F.2d 1063, 1064 (5th Cir.1990) (quoting *United States v. One 1978 Chevrolet Impala, Etc.,* 614 F.2d 983, 984 (5th Cir.1980)).

[12]*United States v. $364,960.00 in United States Currency,* 661 F.2d 319, 325 (5th Cir.1981).

[13]*LITTLE AL,* 712 F.2d at 136.

We first must dispose of the government's argument that this court lacks jurisdiction over the three vehicles that are no longer in the custody of the United States Marshal Service. After the filing of this appeal, the Supreme Court addressed this issue directly in *Republic National Bank v. United States,*[14] The Court's disposition of that case dispels any lingering doubt that this court retains jurisdiction over the three vehicles.

In *National Bank,* the government argued that the court lacked jurisdiction because the forfeited property had been sold and the proceeds deposited in the Treasury. Thus, the government argued, the venerable admiralty rule that jurisdiction over an *in rem* forfeiture proceeding depends upon continued control of the res deprived the court of jurisdiction. The Supreme Court held to the contrary, ruling that no such rule exists. Instead, the Court relied on its early case law to reach the opposite conclusion—that continued possession "was not necessary to maintain jurisdiction over an *in rem* forfeiture action."[15] According to the Court, the well-settled rule is " "that jurisdiction, once vested, is not divested, although a state of things should arrive in which the original jurisdiction could not be exercised.' "[16]

The Supreme Court did note, however, that there were exceptions to this rule, such as when a judgment would be useless because of the loss of control over the res, or when the plaintiff abandons a seizure.[17] But in considering these exceptions, the Court noted that "[t]he fictions of *in rem* forfeiture were developed primarily to expand the reach of the courts and to furnish remedies for the *aggrieved parties, ...* not to provide a prevailing party with a means of defeating its adversary's claim for redress."[18] Thus, the exception that exists must relate to the two traditional concerns of

[14]--- U.S. ----, 113 S.Ct. 554, --- L.Ed.2d ---- (1992).

[15]*Id.* at ----, 113 S.Ct. at 558.

[16]*Id.* at ---- - ----, 113 S.Ct. at 558. (quoting *United States v. The Little Charles,* 26 F.Cas. 979 (CC Va.1818)).

[17]*Id.* at ----, 113 S.Ct. at 558.

[18]*Id.* (emphasis added) (citations omitted).

jurisdiction: enforceability of judgments and fairness of notice to the parties.[19] Neither of these concerns is implicated here, so neither we nor the district court before us was divested of jurisdiction by the subsequent dispositions of the vehicles or of the proceeds of such dispositions.

C. *Summary Judgment*

Having established that we continue to have jurisdiction over all four forfeited vehicles, we now consider de novo whether the grant of summary judgment was proper. In its decision, the district court set forth in detail the evidence presented by the government to show that it had probable cause to institute a forfeiture action as to each of the four vehicles. The government's summary judgment evidence, consisting of bank records, documentation obtained from the various car dealerships, and evidence of the criminal convictions for violation of 31 U.S.C. § 5324(3), leaves no doubt that the government had probable cause to believe that the vehicles were purchased in violation of 31 U.S.C. § 5324 and thus were subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

Once the government had introduced summary judgment evidence of that quality, the claimants of the property, as non-movants, could not merely "rest upon the mere allegations or denials of this adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial."[20] In fact, "[i]f unrebutted, a showing of probable cause alone will support a forfeiture."[21] Nevertheless, in their opposition to the summary judgment motion, the claimants failed to follow the requirements of Rule 56(e), instead stating only: "Neither the pleadings, depositions (none), answers to interrogatories (none), and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the Petitioner is entitled to judgment as a matter of law. Claimants join issue with the Petitioner's allegations that the subject vehicles are subject to seizure and forfeiture."

Claimants insist, both in their brief and in their opposition to the summary judgment motion,

---

[19]*Id.*

[20]FED.R.CIV.P. 56(e).

[21]*LITTLE AL,* 712 F.2d at 136; *see One 1987 Mercedes 560 SEL,* 919 F.2d at 331 (holding that failure to refute the government's showing of probable cause results in forfeiture).

that genuine issues of material fact exist because Aracely Gabaldon and Herminia Carbajal were acquitted of all the criminal charges filed against them and because Rene, Alfredo, and Carbajal have appealed their convictions. As neither of these allegations rebut the government's evidence of probable cause, much less show by a preponderance of the evidence that such evidence of probable cause does not exist, we construe them as proffered affirmative defenses to forfeiture. Even when we do that, however, we see that they are wholly without merit.

As we have explained previously in civil forfeiture cases involving property purchased with drug profits, "the burden of proof in a criminal trial differs from that involved in a forfeiture action. The government need not prove beyond a reasonable doubt that a substantial connection exists between the forfeited property and the illegal activity;" rather, probable cause is sufficient.[22] Thus, the subsequent acquittal of the claimant on the underlying criminal charges does not mean that the government failed, *ipso facto,* to meet the more lenient probable cause requirement.[23] Given both the quantity and quality of the evidence produced by the government in the form of bank and car dealership records, the subsequent acquittals of Aracely and Herminia do not undermine the finding of probable cause. Similarly, given the weight of the other evidence, the mere pendency of the appeals of the three convicted men are insufficient to cast doubt on the existence of probable cause.

*D. Summary Judgment Evidence*

Redundantly, claimants also object to the use of the government's affidavits of the convictions of Rene Gabaldon, Alfredo Gabaldon, and Pablo Carbajal as summary judgment evidence because these convictions were being appealed. We need not address this issue though, as there is sufficient evidence in the form of bank and car dealership records to support a finding of probable cause even absent admissible evidence of those convictions. Moreover, a review of the district court's opinion convinces us that the court assigned little probative value to the evidence of the convictions; thus, any error would be harmless.

For the foregoing reasons, the district court's grant of summary judgment is

---

[22]*One 1987 Mercedes 560 SEL,* 919 F.2d at 331.

[23]*Id.*

AFFIRMED.