IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11128
Summary Calendar
_____

NORRIS RAY HARVEY, JR.,

Plaintiff-Appellant,

versus

NFN BENNETT, Captain, Officer of Texas Department
of Criminal Justice at San Angelo Work Camp, Wallace Unit;
NFN COFFIELD, Sargeant, Texas Department of Criminal
Justice, San Angelo Work Camp,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(97-CV-066)
--------------------
August 23, 1999

Before POLITZ, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Norris Ray Harvey, Jr. appeals the summary judgment granted by the magistrate judge, dismissing his claims against Defendant-Appellee Ted Caufield, under 42 U.S.C. § 1983. Finding no error, we affirm.

At the time of the incident giving rise to his claim, Harvey was a prisoner in the custody of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), and was assigned to a work camp near San Angelo, Texas. Harvey's eye was seriously

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injured by a cactus thorn while he was working on a crew removing brush and cactus. Harvey contends that Caufield violated the Eighth Amendment prohibition on cruel and unusual punishment because he failed to provide Harvey with safety glasses for the work. Caufield argues that he did not have immediate access to any safety glasses and, therefore, he told Harvey to stop cutting the brush and cactus and assigned him to cleaning up, which he believed did not require the use of safety glasses. Harvey now appeals the magistrate judge's grant of Caufield's motion for summary judgment.

We review the grant of a motion for summary judgment <u>de novo</u>, using the same criteria applied by the district court. <u>United States v. 1988 Oldsmobile Supreme</u>, 983 F.2d 670, 673 (5th Cir. 1993). The standard for summary judgment is set forth in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). <u>See also</u> FED. R. CIV. P. 56.

The Eighth Amendment protects prisoners not only from unjust physical punishments, but from deliberate indifference to health or safety. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 303 (1991). A prison official violates the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 839 (1994). Mere negligence on the part of the prison official does not constitute deliberate indifference. <u>See</u> <u>Jackson v. Cain</u>, 864 F.2d 1235, 1246 (5th Cir. 1989).

2

The evidence below demonstrates that Caufield possessed no subjective awareness that the cleaning-up task to which he assigned Harvey posed a risk of eye injury. To the contrary, Caufield's affidavit shows that he believed that the work was less dangerous than the cutting work and did not require the use of eye protection. Although Harvey contends that there is an issue of fact as to whether the cutting work and the clearing work included equal risks of eye injury, that contention presupposes an objective standard. Farmer, however, teaches that we must focus on the prison official's subjective knowledge. Farmer, 511 U.S. at 839. Although in hindsight, the better course of action may have been to obtain protective eyewear for Harvey, this demonstrates nothing worse than simple negligence. Caufield's conduct did not constitute subjective recklessness.

For the foregoing reasons, the judgment is AFFIRMED.