**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 00-60208
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE BEIGE/WHITE 1996 FORD F250 PICKUP TRUCK, VIN
1FTHX26F6TEA73788; ET AL.,

Defendants,

CATHERINE Y. NEWELL, President of Cottage Gift and Garden,
Inc; C. D. NEWELL, JR.,

Claimants-Appellants.

THE COTTAGE GIFT AND GARDEN, INC.,

Appellant.

---

------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:99-CV-44-LN
------------------------------------------------------------
December 14, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

On February 28, 2000, the district court entered a final judgment of forfeiture with regard to

the defendant properties: one Beige/White 1996 Ford F250 Pickup Truck, VIN

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1FTHX26F6TEA73788; one Kubota farm tractor, Model No. M858ODT, SN60148; and one Kubota Farm Tractor, Model No. 3L4200DT, SN 50752. Summary judgment was entered because the district court found that the defendant properties were involved in or traceable to a money laundering offense in violation of 18 U.S.C. § 1956, thereby subjecting them to forfeiture pursuant to 18 U.S.C. § 981. The claimants, C.D. Newell, Jr., and Catherine Y. Newell, president of The Cottage Gift and Garden, Inc., appeal the summary judgment on the basis that the Government failed to establish the requisite probable cause.

In a civil forfeiture case, the initial burden rests with the Government to demonstrate that probable cause exists for the belief that a substantial connection exists between the property sought to be forfeited and the illegal activity. United States v. 1988 Oldsmobile Cutlass Supreme 2 Door, Vin # 1G3WR14W5JD323281, 983 F.2d 670, 674 (5th Cir. 1993). The Government may prove the requisite probable cause by both circumstantial and hearsay evidence. United States v. $9,041,598.68, 163 F.3d 238, 246 (5th Cir. 1998), cert. denied, 527 U.S. 1023 (1999). The proof of probable cause is satisfied when there is "a reasonable ground for belief . . . supported by less than prima facie proof but more than mere suspicion." United States v. One 1986 Nissan Maxima GL, 895 F.2d 1063, 1064 (5th Cir. 1990). If unrebutted, a showing of probable cause alone will support a forfeiture. 1988 Oldsmobile Cutlass, 983 F.2d at 675.

Our de novo review of the summary judgment evidence indicates that the Government carried its burden of proving probable cause to support the forfeiture of the defendant properties. Because the Government's showing of probable cause was unrebutted by the claimants, the judgment of the district court is AFFIRMED.