IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10238
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$16,540.00 IN U.S. CURRENCY,

Defendant,

DARRYL D. JACKSON,

Claimant-Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1130-D
--------------------
August 30, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Darryl Jackson appeals the district court's grant of summary judgment for the Government in this civil in rem forfeiture action. Jackson argues that the district court erred by refusing to appoint counsel, by concluding that the Government had established probable cause to support the forfeiture, and by denying his post-judgment motions. He has also filed a motion to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed *in forma pauperis*, in which he objects to the district court's imposition of two separate appellate filing fees.

A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "[t]here is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel." Salmon v. Corpus Christi Indp't Sch. Dist., 911 F.2d 1165, 1166 (5th Cir. 1990). This court reviews the district court's denial of counsel for abuse of discretion. See Jackson v. Dallas Police Dep't 811 F.2d 260, 261 (5th Cir. 1986). Several factors are considered in determining whether exceptional circumstances are present and whether appointed counsel would facilitate the administration of justice: 1) the suit's complexity; 2) the ability of the indigent litigant to present the case; 3) the litigant's ability to investigate the case; and 4) the skill required to litigate the case before the court. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). We conclude that the circumstances of this case were not extraordinary and that the district court did not abuse its discretion in declining to appoint counsel.

In a forfeiture action under 21 U.S.C. § 881(a)(6), the government bears the initial burden of demonstrating probable cause to believe there was a substantial connection between the property to be forfeited and a crime under Title 21. See United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327, 331 (5th Cir. 1990). The probable cause threshold under 21 U.S.C. § 881 is "reasonable ground for belief of guilt, supported by less than

prima facie proof but more than mere suspicion." See United States v. $9,041,598.68, 163 F.3d 238, 246 (5th Cir. 1998) (internal quotation omitted). This court reviews the district court's findings of fact for clear error, and its conclusion as to whether the facts constitute probable cause *de novo*. See id.

The record indicates that the district court relied on a sworn affidavit from a member of the Dallas Police Department. That affidavit described a tip given to police that Jackson was carrying drugs, a firearm, and a large sum of currency; Jackson's varying explanations for the source of the currency; his inconsistent explanations of where the currency previously was stored; and his arrest six days later with 88.9 grams of cocaine, 1944.9 grams of marijuana, and a handgun. Based on this record, the district court's finding of probable cause to support the forfeiture was not erroneous.

Jackson also argues that the district court erred by refusing to accept IRS records submitted to show that he was employed and paid taxes. We find no indication in any of the district court's orders that it "refused" to consider these records.

Jackson argues that the district court abused its discretion by denying his post-judgment motions for new trial and for relief from judgment. Because there was no trial, Jackson's motion for a "new trial" following summary judgment was inappropriate; however, as a *pro se* litigant, the motion should have been construed as a motion for reconsideration pursuant to Rule 59(e). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (liberal

construction of pro se pleadings); Patin v. Allied Signal, Inc., 77 F.3d 782, 785 n.1 (5th Cir. 1996) (motion for new trial filed after summary judgment properly considered under Rule 59(e)). The denial of a Rule 59(e) motion is reviewed for abuse of discretion. See St. Paul Mercury Ins. Co., v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997).

Jackson's motion was an attempt to resubmit his unsworn statement in proper form to rebut the summary judgment motion. The district court's denial was not an abuse of discretion because "[a] district court is well within its discretion to refuse to consider evidence submitted as part of a motion under Rule 59(e) which was known to the moving party before the summary judgment was issued." See Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc., 246 F.3d 752, 758 (5th Cir. 2001).

Jackson's second motion argued that he "neglect[ed] to put a sworn affidavit in his pleading," a "'mistake' and excusable [n]egligence" caused by his lack of legal training and the denial of appointed counsel. Jackson explains his failure to comply with requirements for rebutting a summary judgment motion by stating that he "was unaware of Rule 56(e) of Federal Rules of Civil Procedure." As the district court stated, the requirements are clear from the text of Rule 56 itself. Jackson's claim that he was "unaware" of Rule 56(e) also strains credibility; his pleadings cited Rule 56(b) and a number of cases describing burdens of proof in civil forfeitures, suggesting that he had access to legal materials. The district court did not abuse its discretion by denying the motions.

Jackson has moved to proceed IFP on appeal, but actually argues that the district court incorrectly issued two filing fee orders. The first assessed a fee for his appeal of the judgment denying summary judgment; the second, issued the same day, assessed a fee for the appeal of the post-judgment motions. The assessment of two fees was error. Rule 4(a)(4)(B)(ii) of the Federal Rules of Appellate Procedure requires a party intending to appeal a denial of a post-judgment motion to file a notice of appeal or an amended notice of appeal, but Fed. R. App. P. 4(a)(4)(B)(iii) provides that "[n]o additional fee is required to file an amended notice." Jackson has only one appeal, and should have been assessed only one filing fee. The second order is vacated and the district court is instructed to refund any portion of that fee which has already been paid.

JUDGMENT AFFIRMED; SECOND IFP ORDER IS VACATED AND REMANDED, WITH INSTRUCTIONS.