**UNITED STATES of America,**
**Plaintiff,**

v.

**David C. WITTIG, and Douglas**
**T. Lake Defendants.**

**No. 03–40142–JAR.**

United States District Court,
D. Kansas.

Aug. 13, 2004.

Adam S. Hoffinger, Harold B. Walther, Paula M. Junghans, Robert A. Salerno, Piper Rudnick LLP, Washington, DC, James L. Eisenbrandt, Jeffrey D. Morris, Robert B. Rogers, Berkowitz Stanton Brandt Williams & Shaw LLP, Prairie Village, KS, Christopher M. Wilson, Edward J.M. Little, Hughes, Hubbard & Reed, New York, NY, Gaye B. Tibbets, F. James Robinson, Jr., Hite, Fanning & Honeyman, LLP, Wichita, KS, for Defendants.

Richard L. Hathaway, Topeka, KS, for Plaintiff.

### *MEMORANDUM AND ORDER GRANTING DEFENDANT LAKE'S MOTION TO MODIFY RESTRAINING ORDER*

ROBINSON, District Judge.

This matter is before the Court on defendant Douglas Lake's Supplemental *Jones* Submission (Doc. 144), and renewed request to modify the April 5, 2004 restraining order. A hearing was held on August 10, 2004, and the Court took the matter under advisement. After considering the arguments and statements of counsel and reviewing the parties' submissions, the Court is now prepared to rule. For the reasons stated below, the April 5, 2004 restraining order, as modified on June 30, 2004, is modified to exclude advance payment of legal fees from Westar for the defense of this criminal case.

### *Background*

On June 30, 2004, the Court entered an order modifying the April 5, 2004 restraining order to remove restrictions on Westar's payments to defendants, instead enjoining defendants from transferring any

such payments, including payments in the form of advanced legal fees (Doc. 110). Any payments by Westar were ordered to be placed by defendants in an escrow account. The Court further denied defendant Wittig's motion to vacate (Doc. 55) and defendant Lake's motion to modify (Doc. 56) *without prejudice.* The Court held that, in the context of an attack on a pre-trial restraining order issued pursuant to § 853(e), the Tenth Circuit *Jones* [1] decision held that due process does not require the court to grant a pretrial hearing on a challenge to the validity of the indictment and the underlying forfeitability of the restrained assets, without a threshold showing that a defendant has no funds from which to retain counsel or support himself or his family, leaving open the opportunity for defendants to make a showing of need. The Court also noted that the legal issue of forfeitability had been raised in the context of defendants' motions to dismiss the indictment.

On July 14, 2004, the government filed its first superseding indictment (Doc. 126), which made numerous changes to Count 40, the forfeiture count, and Count 1, the conspiracy count. On July 27, 2004, the Court held a telephone status conference, at which time counsel for defendant Lake indicated that in light of the Superseding Indictment, he would be supplementing Lake's showing of need and requesting a *Jones* hearing. Defendant Lake filed a supplemental *Jones* submission on August 3, 2004 (Doc. 144), which renewed his motion to modify the April 5, 2004 restraining order (Doc. 55).

In *Jones,* the Tenth Circuit established the following preliminary showing before a post-restraint, pretrial adversarial hearing on probable cause could be ordered: 1) defendant has no other assets, other than those restrained, with which to retain private counsel and provide for himself and his family; and 2) a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets are proceeds, or traceable proceeds, of the charged offenses.[2] After hearing arguments of counsel, the Court ruled at the August 10, 2004 hearing that defendant had satisfied the requisite showing.

First, the Court found, albeit reluctantly, that defendant Lake had demonstrated that he had no available unrestrained assets to pay defense counsel. To satisfy the first requirement, defendant Lake submitted a supplemental affidavit demonstrating his financial need. Highly summarized, Lake stated that although he initially had significant unrestrained assets from which to pay defense counsel, he has run out of assets to continue to fund his defense in this criminal trial, with the bulk of the proceedings, including trial, yet to occur. Defendant Lake's wife has already contributed her assets to help pay for legal fees, and he has no other source of income or support from which to pay counsel to proceed with this case. Although defendant Lake has paid his attorneys over $1.8 million for the criminal case as well as the civil arbitration and pending civil actions against him, he still owes counsel over $1.2 million.

Second, the Court found at the hearing that defendant Lake had made a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets are traceable proceeds of the charged offenses. Defendant Lake raises both factual and legal challenges to the issue of whether his right to advancement of legal fees is a forfeitable asset.

---

1. *United States v. Jones,* 160 F.3d 641 (10th Cir.1998).

2. *Id.* at 647.

Because defendant Lake made the requisite preliminary showing, the Court granted his request for a *Jones* hearing, at which time the government must establish probable cause to believe that the restrained assets are in fact traceable to or derived from the underlying offense.[3] The government offered argument, but no evidence at this hearing, and the Court took the matter under advisement.

### Discussion

■ As a threshold matter, the Court notes that neither due process, nor the Sixth Amendment right to counsel, requires that assets needed to pay an attorney be exempted from restraining orders or, ultimately, from forfeiture.[4] Rather, the constitutional requirement is simply a requirement that the district court in certain circumstances hold a hearing on the restraining order and make a determination that the assets are properly subject to forfeiture.[5] The Court determined that due process required a hearing in this case and thus the issue now becomes whether the government made a showing of probable cause to believe that the assets in question are subject to forfeiture.

In Count 40 of the Superseding Indictment, the government seeks forfeiture of an extensive list of property. At issue in these proceedings is the defendant's right to advanced payment of legal fees in this criminal proceeding by his former employer, Westar, as mandated by the company's Articles of Incorporation.

The government seeks forfeiture of the above property under the theory that the subject property is involved in or derived from a "specified unlawful activity," namely a scheme and conspiracy to commit money laundering and wire fraud. Specifically, the civil forfeiture [6] provision found at 18 U.S.C. § 981(a)(1)(C) provides for forfeiture of property "which constitutes or is derived from proceeds traceable to" a violation of "specified unlawful activity" or a "conspiracy to commit such offense." "Specified unlawful activity" includes both money laundering under 18 U.S.C. § 1957 and wire fraud under 18 U.S.C. § 1343. Section 981(a)(1)(C) authorizes criminal forfeiture through the application of 28 U.S.C. § 2641(c), which allows for the criminal forfeiture of property based on conviction of a violation of a statute where "no specific statutory provision is made for criminal forfeiture upon conviction" of a violation of that statute.

■ The government is entitled to forfeiture of property if a nexus is established between the property being restrained and the criminal activity alleged.[7] Defendant

3. In establishing the parameters of the *Jones* hearing, the Court noted that the *Jones* court stressed that the rules of evidence do *not* strictly apply, similar to TRO or preliminary injunction hearings, that the government is *not* required to reestablish probable cause of guilt as to the underlying offense, and that the court must take the allegations of the indictment as true for purposes of the underlying offense. *Jones*, 160 F.3d at 647.

4. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623–35, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); *United States v. Monsanto*, 491 U.S. 600, 616, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989); *Jones*, 160 F.3d at 645–48.

5. *Id.*

6. 18 U.S.C. § 982 is the criminal forfeiture provision. Although the original indictment sought forfeiture under this provision, the Superseding Indictment deletes reference to it, and proceeds solely under § 981.

7. *See United States v. Bornfield*, 145 F.3d 1123, 1137–38 (10th Cir.1998), *cert. denied*, 528 U.S. 1139, 120 S.Ct. 986, 145 L.Ed.2d 935 (2000) (forfeiture verdict vacated because jury ordered forfeiture of defendant's business bank account where money laundering charge involved only the use of defendant's personal bank account).

Lake contends that his right to the advancement of attorney's fees is not remotely "traceable to" or "derived from" the alleged money laundering transactions, from the alleged wire fraud transactions or any scheme or conspiracies to commit such violations. Instead, Lake argues that his right to the advancement of attorney's fees in the criminal case is derived from Westar's Articles of Incorporation, which obligates Westar to pay "the expenses incurred in defending any such [criminal] proceeding in advance of its final disposition..." This right extended to every officer and director of Westar, by virtue of Westar's Articles of Incorporation.

■ The standard for judging the government's showing is probable cause, which is defined as "a reasonable ground for belief ... supported by less than prima facie proof but more than mere suspicion." [8] The probable cause determination in forfeiture cases looks to all of the circumstances and "must be judged ... with a common sense view to the realities of normal life." [9]

In this case, the government argues that the alleged scheme to deprive Westar of its assets began the day defendant Wittig joined Westar in 1995 and morphed into a conspiracy the day Lake joined Westar in 1998. The government argues that defendants could not vest in the right to advancement of attorneys fees until they "came on board with the proper intent," and the inferences to be drawn from the facts in the indictment are that it was defendants' intent to loot Westar from the time of their employment. According to the government, this constitutes fraud *ab initio*, and because defendants Wittig and

Lake fraudulently assumed their employment with Westar, they should forfeit every benefit obtained from the operation of the alleged scheme and conspiracy to loot Westar of its assets. The government did not present any evidence in support of its theory that defendant Lake's right to advancement of legal fees is derived from the scheme or conspiracy to commit the underlying charges.

■ Examining all of the circumstances as a whole, the Court concludes that the government has not satisfied its burden, under the probable cause standard, of establishing that defendant Lake's right to advancement of legal fees in the criminal proceedings is derived from the alleged scheme or conspiracy to commit the underlying charges. Even assuming, as it must, that the underlying charges as alleged in the Superseding Indictment are true and the scheme and conspiracy date back to defendants' respective employment dates, the government has failed to provide any factual basis or evidentiary support that the right to advancement of fees was derived from the underlying charges.

Westar is authorized by Kansas law [10] and mandated by its Articles of Incorporation to advance both defendants' legal fees for their defense in the criminal case and indemnify defendants under appropriate circumstances. Specifically, the Kansas enabling statute authorizes Westar to pay "[e]xpenses incurred by a director or officer in defending a civil or criminal action, suit or proceeding ... in advance of the final disposition of such action, suit or proceeding ..." [11] Pursuant to this en-

---

8. *United States v. Melrose East Subdivision,* 357 F.3d 493, 505 (5th Cir.2004) (quoting *United States v.1988 Oldsmobile Cutlass Supreme,* 983 F.2d 670, 674 (5th Cir.1993)).

9. *Id.* (quoting *United States v. One Gates Learjet,* 861 F.2d 868, 870 (5th Cir.1988)).

10. K.S.A. § 17–6305(e).

11. *Id.*

abling statute, Westar's Articles of Incorporation provide:

> Each person who was or is made a party ... to ... any action, suit or proceeding, whether civil, criminal, administrative or investigative ... by reason of the fact that he or she ... is or was a director or officer, of the Corporation ... shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Kansas General Corporation Law ... against all expense, liability and loss (including attorney's fees ...) .... The right to indemnification conferred in this Section shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition.... [12]

While Westar is contractually obligated to advance defendants' legal fees, regardless of the charges against them or the merits of their respective defenses, it is only required to indemnify defendants if they are acquitted of the charges; both defendants have signed agreements to repay Westar for fees advanced for their defense if they are not entitled to indemnification.

As defendant Lake points out, there are substantial differences between the right to advancement of legal fees for this criminal case and those for the separate civil arbitration proceedings with Westar, which are also subject to the Court's restraining order. In contrast, defendant Lake's right to advancement of legal fees for the arbitration proceedings is based on his employment agreement, which Lake concedes is potentially subject to forfeiture as alleged in the Superseding Indictment. Lake's employment contract, benefits and compensation were negotiated by Lake and Westar and are potentially subject to forfeiture because these assets would arguably be derived from the alleged scheme and conspiracy to deprive Westar of its assets.

The government has not made such a showing with respect to the right to advancement of fees in the criminal case based on Westar's Articles of Incorporation. Significantly, this contractual right to advancement of fees to defend a criminal action is *mandatory* and applies to *all* officers and directors of Westar by virtue of the Articles of Incorporation. While it is clearly tied to defendants' status as officers of Westar, there is no evidence that it is part of defendants' employment contracts, compensation or benefits, nor is there evidence that defendant fraudulently assumed or obtained this contractual right.[13] Nor is there any evidence that this right is subject to divestment if the person became an officer or director with fraudulent intent or design. Thus, this right cannot be derived from the alleged scheme or conspiracy to commit the underlying charges.

Accordingly, the Court will modify the April 5, 2004 restraining order to exclude Westar's advance payment of legal fees in the criminal case. This ruling is limited to the defendants' right to advancement of attorney fees in the criminal proceedings only-the Court makes no finding as to any other asset the government seeks to forfeit in Count 40. Although this motion was brought by defendant Lake upon the requisite showing of need, the ruling necessarily shall also extend to defendant Wittig, for the Court is ruling that there is no

---

**12.** Article XVIII(2)(a) of Westar's Articles of Incorporation.

**13.** The Court declines to hold that the right to advancement of legal fees for the criminal case predates their employment with Westar; such right clearly did not vest in defendants until their respective employment dates with the company.

showing that the advance payment of attorney fees for the defense of criminal charges is derived from the alleged conspiracy or scheme to defraud.

In so ruling, the Court acknowledges that the practice of corporate advancement of fees is often perceived as unjust—as in this case, criminal allegations against corporate officers often involve acts that defrauded the company by depriving it of defendant's honest services. But in a criminal proceeding, a defendant is always presumed innocent. If defendants are acquitted of the charges against them, it is difficult to conceive of an argument that would deprive them of their legal fees and expenses resulting from proceedings focusing on their conduct as officers of Westar. The defendants' contractual right to advancement and indemnification is subject to an implied reasonableness term.[14] By accepting payments expressly deemed an "advancement," defendants necessarily acknowledge that their ultimate right to keep those payments depends on whether their respective underlying conduct is indemnifiable.[15] If defendants' underlying conduct is not the proper subject of indemnification by Westar, defendants must repay the funds advanced to them by Westar.[16]

Finally, defendant Lake also raises legal issues regarding the government's ability to seek forfeiture of the advanced legal fees in the criminal case pursuant to § 981(a)(1)(C) in Count 40 of the Superseding Indictment. Specifically, defendant raises issues of: 1) whether §§ 981(a)(1)(C) and 2461(c) operate to authorize a criminal forfeiture of the fruits of conspiracy to commit wire fraud not alleged to have affected a financial institution or money laundering; and 2) whether *ex post facto* concerns are implicated for assets acquired prior to the 2000 CAFRA[17] enactment date. Because the Court has determined that the government has not met its probable cause burden with respect to Westar's advance payment of attorneys fees in the criminal case, it need not reach these issues with respect to that particular asset. The Court will defer ruling on these issues to the extent they relate to the remaining assets in Count 40 until such time as defendant Wittig has filed his pretrial motions with respect to the Superseding Indictment and the government has had an opportunity to respond. As previously ruled, the defendants have until August 20, 2004, to file supplemental pretrial motions relative to the Superseding Indictment; the government has until September 3, 2004 to respond. A hearing is scheduled for September 13, 2004.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Lake's Motion to Modify (Doc. 55) is GRANTED and the April 5, 2004 restraining order, as modified June 30, 2004, is modified to exclude the advancement of legal fees by Westar to defendants Wittig and Lake in the criminal case, including any such payments held in escrow as established by previous order of the Court. The defendants are not enjoined from transferring any payments of advance legal fees for the criminal case. The remaining provisions

---

**14.** *Reddy v. Electronic Data Systems Corp.*, 2002 WL 1358761, *5 (Del.Ch.2002) (citation omitted).

**15.** *Id.* Kansas law authorizes indemnification in a criminal action if the defendant had no reasonable cause to believe that his conduct was unlawful and mandates indemnification where a director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding. K.S.A. § 17–6305(a)—(c).

**16.** *Reddy*, 2002 WL 1358761 at *5.

**17.** The Civil Asset Forfeiture Reform Act of 2000.

of the restraining order shall remain in force and effect until further order of the Court.

IT IS SO ORDERED.