**FCC CONSTRUCTION, INC.,**
**Plaintiff–Appellee,**

v.

**CASINO CREEK HOLDINGS, LTD.,**
**Defendant–Appellant.**

**No. 95CA0421.**

Colorado Court of Appeals,
Div. II.

March 7, 1996.

Braden Frindt Stinar & Stageman, LLC, Ralph A. Braden, Jr., Daniel B. Stageman, Suzanne T. Peloquin, Colorado Springs, for Plaintiff–Appellee.

Felt, Houghton & Monson, LLC, Charles T. Houghton, Colorado Springs, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Casino Creek Holdings, Ltd., appeals from a judgment entered in favor of plaintiff, FCC Construction, Inc., on plaintiff's claim to foreclose on its mechanic's lien. We affirm.

Defendant contracted with plaintiff to build a casino in Cripple Creek, Colorado. However, before the casino was completed, defendant encountered financial difficulties and was either unable or unwilling to pay plaintiff for certain work performed. As a result, plaintiff filed a mechanic's lien against the property and later instituted an action to foreclose on the lien.

Prior to trial, defendant filed a motion for partial summary judgment which, *inter alia,* attacked the validity of plaintiff's lien on the grounds that the lien statement did not disclose the names of, and the amounts owed to, plaintiff's subcontractors. The trial court denied the motion and the matter proceeded to trial.

At trial, the court concluded that the mechanic's lien was valid and entered judgment for plaintiff "in the amount of $378,061.29, and for foreclosure of the mechanic['s] lien, as well as costs and interest as provided by law." Defendant made no request of the trial court to stay the foreclosure sale pending an appeal.

Thereafter, defendant filed its notice of appeal with this court. In its briefs on appeal, defendant again challenges the validity of plaintiff's mechanic's lien. However, as with the trial court, defendant made no request of this court to stay the foreclosure sale pending resolution of the appeal.

Approximately two months after defendant filed its notice of appeal, the Teller County Sheriff conducted the foreclosure sale of the casino property. At that sale, plaintiff was the successful bidder on the property.

Defendant does not dispute that, after the foreclosure sale, it failed to redeem the property and that the redemption period on the property expired on July 31, 1995. *See* § 38–38–302, C.R.S. (1995 Cum.Supp.) (redemption period expires 75 days after date of sale).

On September 13, 1995, plaintiff filed a motion to dismiss this appeal, claiming that, based upon the foreclosure sale and the failure to redeem, defendant's contentions regarding the validity of the mechanic's lien had become moot. This court denied that motion with leave to argue the issue in the briefs on appeal. The parties then filed supplemental briefs concerning the mootness issue.

■ Citing *Mount Carbon Metropolitan District v. Lake George Co.,* 847 P.2d 254 (Colo.App.1993) as dispositive, plaintiff contends that this appeal has been rendered moot by the foreclosure sale of the casino property. We disagree.

■ When a judgment debtor, in obedience to an order of the court or under compulsion of an execution, satisfies a judgment rendered against him or her, the right to have the judgment reviewed is not waived. If a judgment is reversed, the judgment debtor is entitled to complete restoration of his or her property. *Reserve Life Insurance Co. v. Frankfather,* 123 Colo. 77, 225 P.2d 1035 (1950)(appeal not rendered moot when satisfaction of judgment results from party's forced choice of paying a challenged judgment or facing garnishment proceeding).

■ Actions undertaken by a party against whom a judgment or decree has been entered do not render an appeal of the underlying judgment or decree moot if such actions were not taken voluntarily. *See Friedman v. Colorado National Bank,* 825 P.2d 1033 (Colo.App.1991)(compliance with equitable decree of specific performance upon inability of party to post supersedeas bond to stay execution of decree does not

render appeal from underlying decree moot); *Real Equity Diversification, Inc. v. Coville,* 744 P.2d 756 (Colo.App.1987)(involuntary conveyance of title to realty pursuant to court decree does not create mootness).

■ However, a party who acts so as to satisfy or comply with a judgment or decree assumes the risk of rendering his or her appeal moot if such action is done voluntarily. *See Van Schaack Holdings, Ltd. v. Fulenwider,* 768 P.2d 740 (Colo.App.1988) (voluntary adoption of corporation dissolution plan renders appeal moot); *Stenback v. Front Range Financial Corp.,* 764 P.2d 380 (Colo.App.1988)(voluntary satisfaction of judgment upon election not to fulfill conditions of requested stay renders appeal moot).

■ We are persuaded by our review of this body of law that, in determining whether an appeal is rendered moot, the test, under these circumstances, is whether the action of defendant was voluntary or, instead, was undertaken because of the actual or implied compulsion of a court's power.

To the extent that *Mount Carbon Metropolitan District v. Lake George Co., supra,* may be read as requiring a conclusion contrary to the foregoing seemingly well-settled body of law, we decline to follow it.

Here, defendant complied with the mandate of the trial court in allowing the foreclosure sale to proceed. The fact that it did not seek a stay of the foreclosure sale or redeem the property after the sale does not make its actions voluntary. *See Reserve Life Insurance Co. v. Frankfather, supra* (mere compliance with court decree, in itself, does not demonstrate voluntary compliance).

Its actions were not inconsistent with its claim that the underlying order of sale was erroneous. Indeed, had defendant redeemed the property after the foreclosure sale here, such redemption would have recognized the validity of the court's order and might have rendered its appeal moot. *See Stenback v. Front Range Financial Corp., supra.* Hence, the appeal does not fail for mootness.

■ Defendant next contends that the trial court erred in determining that the me-

chanic's lien filed by plaintiff was valid even though it failed to name each subcontractor hired by plaintiff and did not list the individual amounts owed to such subcontractors. We disagree.

According to § 38–22–109, C.R.S. (1982 Repl.Vol. 16A), one who wishes to file a lien against another's property must include in the notice of lien, *inter alia*, the name of the person claiming the lien, the name of the person who furnished the material or performed the labor, and the amount due or owing a claimant.

The purpose of this statute is to assure that an owner is given notice of the genesis of a lien asserted by persons such as trustees and assignees with whom he or she may not have dealt directly. *Tighe v. Kenyon*, 681 P.2d 547 (Colo.App.1984).

The mechanics' lien statute should be strictly construed with respect to those acts necessary to perfect a lien and liberally construed as to provisions that are remedial in nature. *Powder Mountain Painting v. Peregrine Joint Venture*, 899 P.2d 279 (Colo. App.1994).

Those acts necessary to perfect a lien are those which establish the existence of a person's entitlement to such lien. A party wishing to claim the benefits of a lien must prove compliance with all statutory requirements necessary to establish entitlement thereto. *Richter Plumbing & Heating, Inc. v. Rademacher*, 729 P.2d 1009 (Colo.App. 1986).

The existence of a right to lien is established by serving proper notice of intent to lien. *Moore Electric Co. v. Ambassador Builder Corp.*, 653 P.2d 90 (Colo.App. 1982)(right to lien not preserved when one seeking lien fails to serve notice on actual or reputed owner).

Here, defendant does not challenge the propriety of plaintiff's notice of intent to file the lien or the service of notice upon it, but instead argues that the lien should be declared invalid on the grounds that the statement of lien filed by plaintiff does not include the name of every subcontractor hired to perform the contract and does not list the individual amounts owed to those subcontractors.

In *Tighe v. Kenyon, supra,* a subcontractor, under a contract made directly with the owners of a property, filed a lien against that property that was challenged on the grounds that the subcontractor had not named every employee hired by her to perform the contract. A division of this court determined that the subcontractor, by hiring employees to perform the contract, was the person who furnished the labor and materials. It further determined that because she dealt directly with the owners and was the "person" who furnished the labor and materials, her notice of lien was in substantial compliance with § 38–22–109 and therefore, valid.

Here, plaintiff dealt directly with defendant. Plaintiff then hired the subcontractors to perform the contract and, thus, was the "person" who furnished the labor. Hence, as in *Tighe v. Kenyon*, it was not necessary for plaintiff to name each subcontractor or the amounts owed to them individually in order to fulfill the requirements of § 38–22–109.

Accordingly, we conclude that the trial court did not err in determining that plaintiff filed a valid notice of lien and in entering the order of sale upon foreclosure of the lien.

The judgment is affirmed.

CRISWELL and JONES, JJ., concur.