**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

OUT OF LINE SPORTS, INC.,

    Plaintiff-Appellant,

    v.

ROLLERBLADE, INC.,

    Defendant,

---

BREIT, BOSCH, LEVIN &
COPPOLA, P.C.,

    Movant-Appellee.

No. 99-1173

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 96-B-2406)

---

Peter A. Jaffe (Douglas Jaffe with him on the briefs) of The Law Offices of Peter A. Jaffe, McCoy, Colorado, for Plaintiff-Appellant.

Phillip S. Figa of Burns, Figa & Will, Englewood, Colorado, for Movant-Appellee.

---

Before **BALDOCK**, **MCKAY**, and **ALARCÓN**,[*] Circuit Judges.

---

[*] The Honorable Arthur L. Alarcón, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

**BALDOCK**, Circuit Judge.

Plaintiff Out of Line Sports, Inc. (OLS) hired Movant Breit, Bosch, Levin & Coppola, P.C. (Breit Bosch) to represent it in a patent infringement suit against Defendant Rollerblade, Inc. After OLS and Rollerblade settled, Breit Bosch filed a notice of attorney's lien under Colo. Rev. Stat. § 12-5-119 (1999) against OLS's settlement funds. The district court granted Breit Bosch's motion to enforce its lien. OLS appeals. Our jurisdiction arises under 28 U.S.C. § 1291. We conclude that OLS's claims are moot and grant Breit Bosch's motion to dismiss the appeal.

I.

In 1996, OLS sued Rollerblade in federal district court for patent infringement regarding a braking mechanism for in-line skates. Breit Bosch agreed to represent OLS and entered into a one third contingency fee contract. In March 1998, Rollerblade offered to settle the case . After Breit Bosch offered to reduce its contingency fee , OLS reluctantly accepted the confidential settlement. [1] Rollerblade deposited the settlement funds into the court registry, and the district court dismissed with prejudice all claims against Rollerblade.

Following the settlement with Rollerblade, OLS hired outside counsel and notified Breit Bosch that it believed that the firm had coerced it into accepting the

---

[1] This court notes that all records and documents in this case were ordered sealed. The order sealing all records and documents remains in effect.

settlement and violated the Colorado Rules of Professional Conduct. Subsequently, Breit Bosch filed a notice of attorney's lien in the district court pursuant to § 12-5-119 claiming an interest in the settlement funds. Breit Bosch also filed a motion to enforce its lien. The district court released about half of the funds to OLS pursuant to OLS's and Breit Bosch's joint stipulation. Later, the district court granted Breit Bosch's unopposed motion for the release of additional funds to Breit Bosch for undisputed costs and expenses.

After a two-day hearing, the district court ordered the lien enforced, finding the contingency fee contract and the requested costs and expenses reasonable. Breit Bosch received its one third contingency fee plus costs and 8% interest. Thereafter, OLS and Breit Bosch filed a joint motion to release funds. The district court ordered the funds disbursed in accordance with the joint motion. OLS appeals the district court's order enforcing the lien, arguing that the district court erred in refusing to admit evidence allegedly revealing Breit Bosch's misconduct. Breit Bosch filed a motion to dismiss the appeal for mootness, which we consider first.

## II.

"To qualify as a case fit for federal court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67

-3-

(1997) (internal quotations omitted). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996).

An appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred. For example, in Koger v. United States, 755 F.2d 1094 (4th Cir. 1985), the court dismissed the appeal of a tax lien as moot because the taxpayers paid the deficiency while the appeal was pending, releasing the lien. Id. at 1096-97. Similarly, in Newpark Shipbuilding & Repair, Inc. v. M/V Trinton Brute, 2 F.3d 572 (5th Cir. 1993), the court dismissed the appeal as moot because it could provide no effective relief to the defendant. The plaintiff, a shipbuilder, won a judgment in an in rem action against a ship it had repaired. Id. at 572-73. The defendant's appeal was moot because the plaintiff purchased the ship at a foreclosure sale and sold the ship back to the defendant. Id. at 573. Finally, courts have dismissed bankruptcy appeals as moot where the bankruptcy court granted a creditor relief from the automatic stay, the debtor failed to obtain a stay of that order pending appeal, and the creditor already conducted a foreclosure sale. In re Western Pac. Airlines, 181 F.3d 1191, 1195 (10th Cir. 1999); In re Egbert Dev. L.L.C., 219 B.R. 903, 905 (B.A.P. 10th Cir. 1998); In re Whatley, 169 B.R. 698, 701 (D. Colo. 1994).

In this case, the object of the suit—the settlement funds—has already been transferred by the district court's release of the funds from the registry of the court. We must consider Colorado law to determine whether we can grant effective relief to OLS or whether the joint motion releasing the remaining funds in the court registry has satisfied Breit Bosch's lien. See Jenkins v. Weinshienk, 670 F.2d 915, 919 (10th Cir. 1982) (applying Colorado law under § 12-5-120 to determine the existence of an attorney's retaining lien on files). Colorado's charging lien statute allows attorneys to file a lien on

> money, property, choses in action, or claims and demands in their hands, on any judgment that they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client.

Colo. Rev. Stat. § 12-5-119. The charging lien satisfies the attorney's equitable claim for services rendered to the client. In re Benney, 790 P.2d 319, 322 (Colo. 1990).

"A party who acts so as to satisfy or comply with a judgment or decree assumes the risk of rendering his or her appeal moot if such action is done voluntarily." FCC Constr., Inc. v. Casino Creek Holdings, Ltd., 916 P.2d 1196, 1198 (Colo. Ct. App. 1996); see also Van Schaack Holdings, Ltd. v. Fulenwider, 798 P.2d 424, 427 (Colo. 1990) ("[W]hen the appellant complies with a lower court's judgment pending appeal, mooting the question on appeal, the appeal

should be dismissed."). The test of whether an appeal is moot is whether the party acted voluntarily or because of the actual or implied compulsion of judicial power. FCC, 916 P.2d at 1198. Showing that the party's compliance was a consciously performed voluntary act requires more than simple compliance with a court order or decree. Stenback v. Front Range Fin. Corp., 764 P.2d 380, 383 (Colo. Ct. App. 1988).

OLS's filing of a joint motion with Breit Bosch to release the remaining funds in the court's registry represents a voluntary action acknowledging satisfaction of the court's judgment. Compare id. (concluding that an appeal of a judgment of an equitable lien on real property was moot after the foreclosure sale because of the defendant's voluntary actions, such as disclaiming their desire for a stay of the judgment and requesting a return of the security they had posted in the event they did not pay the judgment), with FCC, 916 P.2d at 1198 (resolving that an appeal of a claim to foreclose a mechanic's lien was not moot because the defendant's compliance with the court's order was not voluntary).

OLS did not file a motion to stay the judgment, see Stenback, 764 P.2d at 383, or post a supersedeas bond. [2] Nor did OLS attempt to explicitly reserve its

---

[2] Failure to post a supersedeas bond was a factor in determining mootness in Stenback. Id. at 382. Complying with a court's order without posting a supersedeas bond, however, does not automatically moot an appeal. Friedman v. Colorado Nat'l Bank of Denver, 825 P.2d 1033, 1037-38 (Colo. Ct. App. 1991) (continued...)

-6-

right to appeal in the joint motion to release the funds.    Cf. Oken v. Hammer , 791

P.2d 9, 13 (Colo. Ct. App. 1990) (determining that the appeal was not moot

because the defendant explicitly reserved the right to appeal in the motion

stipulating to the disbursal of funds from the registry of the court).  Rather, OLS

and Breit Bosch jointly filed a motion to dispose of all the remaining funds in the

court registry.  Breit Bosch received    an amount consistent with the district court's

order enforcing the lien.  Furthermore, in two previous motions, OLS and Breit

Bosch agreed to release    settlement proceeds to OLS and    costs to Breit Bosch.

This pattern, in addition to the voluntary release of the remaining funds in the

court registry, indicates that OLS consciously and voluntarily satisfied the district

court's judgment.  Accordingly, we dismiss OLS's appeal as moot.

     MOTION GRANTED; APPEAL DISMISSED.

---

[2](...continued)
(noting that the defendant's financial inability caused its failure to post a
supersedeas bond),   aff'd in part, rev'd in part on other grounds   , 846 P.2d 159
(Colo. 1993).