**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WYOMING TIMBER INDUSTRY
ASSOCIATION, a Wyoming non-
profit trade association; FRONTIERS
OF FREEDOM-WYOMING, a
Wyoming non-profit organization,

      Plaintiffs-Appellants,

v.

UNITED STATES FOREST
SERVICE; DANIEL R. GLICKMAN,
in his official capacity as Secretary of
the United States Department of
Agriculture; MICHAEL P.
DOMBECK, in his official capacity as
Chief Forester of the United States
Forest Service; LYLE K. LAVERTY,
in his official capacity as Regional
Forester, Region II, United States
Forest Service; JACK A.
BLACKWELL, in his official capacity
as Regional Forester Region IV,
United States Forest Service,

      Defendants-Appellees.

_____

WYOMING OUTDOOR COUNCIL;
BIGHORN FOREST USERS
COALITION; SIERRA CLUB;
WILDERNESS SOCIETY; GREATER
YELLOWSTONE COALITION;
NORTHWEST WYOMING
RESOURCE COUNCIL;

No. 00-8016

(D.C. No. 99-CV-1016)
(D. Wyo.)

BIODIVERSITY ASSOCIATES;
WYOMING WILDERNESS
ASSOCIATION; AMERICAN
WILDLANDS; AMERICAN LANDS
ALLIANCE; PACIFIC RIVERS
COUNCIL; OREGON NATURAL
RESOURCES COUNCIL; U.S.
PUBLIC INTEREST RESEARCH
GROUP,

     Intervenors.

PACIFIC LEGAL FOUNDATION,

     Amicus Curiae.

---

## ORDER AND JUDGMENT [*]

---

Before **SEYMOUR, BRISCOE,** Circuit Judges, and **OWEN**, District Judge [**].

---

Appellants Wyoming Timber Industry Association (WTIA) and Frontiers of Freedom-Wyoming (FOF) appeal the district court's ruling that they lacked standing to assert a declaratory relief action. The action challenged a "final interim rule" promulgated by the United States Forest Service (Forest Service)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Richard Owen, United States District Judge, Southern District of New York, sitting by designation.

that temporarily suspended road construction and reconstruction in many unroaded areas of the National Forest System. The interim rule expired by its own terms on September 1, 2000, after appellate briefs were filed. We dismiss the appeal as moot.

I.

On February 12, 1999, the Forest Service, the lead defendant, issued a final interim rule that suspended "new road construction projects, including temporary road construction, and road reconstruction projects" within various enumerated areas of the National Forest System. See 64 Fed. Reg. 7290 (1999) (codified at 36 C.F.R. § 212.13 (1999)). The suspension was to become effective March 1, 1999, and last "until the Forest Service, after giving appropriate public notice and opportunity to comment, adopts its revised road management policy, or 18 months from the effective date of this rule, whichever is first." See 36 C.F.R. § 212.13(d)(3).

On April 5, 1999, WTIA, "a non-profit trade association whose membership is comprised of nineteen primary and secondary timber processing companies," and FOF, "a subsidiary of Frontiers of Freedom, a non-profit corporation formed for purposes of, inter alia, education, research, advising and monitoring governmental activity for its members and the general public" filed this action. See Wyo. Timber Indus. Ass'n v. United States Forest Serv., 80 F.

3

Supp. 2d 1245, 1249-50 (D. Wyo. 2000). On June 29, 1999, the district court granted numerous interest groups leave to intervene as a single party on the side of the Government.

The gravamen of appellants' July 6, 1999, first amended complaint is that the interim rule violates the National Forest Management Act (NFMA). The NFMA "requires the Secretary of Agriculture to 'develop, maintain, and, as appropriate, revise land and resource management plans for [each forest unit] of the National Forest System.'" Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 728 (1998) (citing 90 Stat. 2949, as renumbered and amended, 16 U.S.C. § 1604(a)). For each forest unit, "[f]orest management occurs at two distinct levels." Colo. Envtl. Coalition v. Dombeck, 185 F.3d 1162, 1167 (10th Cir. 1999). "At the first level, the Forest Service develops the Forest Plan, a broad, programmatic document, accompanied by an environmental impact statement and public review process conducted in accordance with the National Environmental Policy Act." Id. at 1167-68. "At the second level, the Forest Service implements the Forest Plan by approving (with or without modification) or disapproving particular projects." Id. at 1168. These "particular projects" "must be consistent with the Forest Plan, and are subject to further National Environmental Policy Act review." Id. (citations omitted); see also 16 U.S.C. § 1604(i) ("Resource plans and permits, contracts, and other instruments for the use and occupancy of

4

National Forest System lands shall be consistent with the land management plans.").

Ultimately, appellants read the NFMA to require that any regulatory decision be made on a forest-by-forest basis and to prohibit any regulatory decision that affects more than one national forest. Since the interim rule was designed broadly to affect many areas within the National Forest System, appellants contended it violated the NFMA. More specifically, appellants argued the interim rule is a "significant amendment or revision to the forest plans" and "not in compliance with current forest plans." Aplts. App. at 32 ¶ 23. Whether a forest plan amendment is "significant" is important because, in general, forest plans can "be amended in any manner whatsoever after final adoption after public notice." 16 U.S.C. § 1604(f)(4). If, however, the amendment "would result in a *significant* change in such plan," the Forest Service is statutorily required to comply with the procedures set forth in 16 U.S.C. § 1604. Id. (emphasis added). Appellants alleged that the interim rule violated the NFMA because it was in effect a significant amendment to all forest plans and was not adopted in accordance with Section 1604. Appellants also contend that promulgation of the interim rule violated the Wyoming Wilderness Act (WWA), the National Environmental Policy Act (NEPA), and the Administrative Procedure Act (APA). Most of the alleged violations stem from their reading of the NFMA. Appellants

further asserted that the interim rule created de facto "buffer zones," which are prohibited by the WWA.

On January 5, 2000, the district court dismissed the action with prejudice, holding appellants lacked standing to bring their claims. See Wyo. Timber, 80 F. Supp. at 1260-61. Appellants filed a notice of appeal before final judgment was entered. We have jurisdiction to hear this appeal because there is no question that the district court's order was final. See Burlington N. R.R. Co. v. Huddleston, 94 F.3d 1413, 1416 n.3 (10th Cir. 1996) (holding "[i]f no question exists as to the finality of the district court's decision, the absence of a Rule 58 judgment will not prohibit appellate review"). On appeal, appellants contend (1) the district court erred in finding they lacked standing; and (2) the challenged rule was adopted in violation of the NFMA and the WWA.

The interim rule expired on September 1, 2000. On January 12, 2001, the final rule establishing "prohibitions on road construction, road reconstruction, and timber harvesting in inventoried roadless areas on National Forest System lands" appeared in the Federal Register. Roadless Area Conservation, 66 Fed. Reg. 3244 (Jan. 12, 2001). Although the rule was to become effective March 13, 2001, the effective date has been postponed at least sixty days to May 12, 2001. See 66 Fed. Reg. 8899 (Feb. 5, 2001). The Forest Service and the intervenors have filed motions to dismiss this appeal as moot.

6

## II.

"'Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" Out of Line Sports, Inc. v. Rollerblade, Inc., 213 F.3d 500, 501 (10th Cir. 2000) (quoting McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996)). Federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [them]." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotations omitted). For that reason, a party must seek relief that is "capable of addressing the alleged harm." Nat'l Advertising Co. v. City & County of Denver, 912 F.2d 405, 411 (10th Cir. 1990); see also McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999) ("A claim will be deemed moot unless a proper judicial resolution settles some dispute which affects the behavior of the defendant toward the plaintiff." (internal quotations omitted)). This requirement exists "at all stages of the proceedings," not only at the inception of the case. Nat'l Advertising, 912 F.2d at 411. Thus, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." Church of Scientology, 506 U.S. at 12.

7

Here, key events have occurred while this case pended on appeal which potentially alter this court's ability to provide appellants the relief they seek. The source of appellants' grievance, the interim rule, has expired. This court cannot grant appellants' request for an order that the Forest Service rescind the interim rule and an order enjoining the Forest Service from further activity implementing the rule . Since their ultimate relief cannot be granted, there is little or no purpose for reviewing appellants' declaratory relief claims. Appellants are concerned that "through its mootness claims, the Forest Service seeks to abdicate any responsibility for . . . continuing effects [of the interim rule] and evade accountability for its illegal actions." Aplts. Response to Motion to Dismiss at 5. Appellants argue a case is not moot if the action complained of continues to have "present adverse effects" such as continued postponement of the timber sales. Aplts. Br. at 4. This phrase is culled from a Supreme Court discussion of standing, which is similarly based upon the limitations of Article III authority but is decided under a different legal standard.    See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.   , 528 U.S. 167, 174  (2000). No Supreme Court or Tenth Circuit jurisprudence supports a "continuing effect" test for mootness. The cases cited by appellants in support of this proposition did not consider the effects of the challenged conduct, but whether a remedy for that conduct remained available.    See, e.g., Church of Scientology   , 506 U.S. at 13 (court

8

retained "power to effectuate a partial remedy"); Northwest Envtl. Defense Ctr. v. Gordon , 849 F.2d 1241 (9th Cir. 1988) (effects of earlier law could be countered by later action). While appellants ultimately seek relief of financial damages in the form of timber sales offered by the Forest Service, they cannot request a court to order those sales. The only relief sought was recission of the interim rule and an injunction against its enforcement, and those remedies retain no real force in the wake of expiration of the interim rule.

In an attempt to save their action, appellants further contend this appeal fits within one of the two exceptions to the mootness doctrine. The first exception is for voluntary cessation of a challenged action. See ARW Exploration Corp. v. Aguirre , 947 F.2d 450, 452 (10th Cir. 1991). This exception exists to counteract the potential for a defendant to cease illegal action long enough to render a lawsuit moot and then resume the illegal conduct. It is inapposite here since the expired interim rule cannot be easily repeated. The second exception is for challenges to conduct "capable of repetition yet evading review." See S. Utah Wilderness Alliance v. Smith , 110 F.3d 724, 729 (10th Cir. 1997). This exception is only to be used in exceptional situations. See White v. Colo. , 82 F.3d 364, 366 (10th Cir. 1996). Such exceptional circumstances arise "where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and, (2) there was a

reasonable expectation that the same complaining party would be subjected to the same action again." Cent. Wyo. Law Assocs., P.C. v. Denhardt, 60 F.3d 684, 686 (10th Cir. 1995).

Appellants argue "because the duration of the interim rule was too short for the case to be fully litigated prior to its expiration," the Forest Service's alleged violations clearly "evade review." Aplts. Response to Motion to Dismiss at 14. However, this argument is in direct contradiction of appellants' contentions in their "capable of repetition" argument. Assuming that the final rule is identical to the interim rule (a fact that is at this point unknown), and therefore suffers the same alleged infirmities, it is unclear how the issue will evade review.

There remains for our consideration the anticipated effect of the final rule and whether considerations of judicial economy would mitigate toward our retention of this appeal to address issues now raised as regards the interim rule that appellants would likely continue to assert as regards the final rule. See Nat'l Iranian Oil Co. v. Mapco Int'l, Inc., 983 F.2d 485, 490 (3d Cir. 1992). There is no bright line test for determining whether the "same" statutory challenge would be present in another suit. A challenge to an interim rule may proceed if the new rule reproduces the old rule "word-for-word," Tollis, Inc. v. San Bernadino County, 827 F.2d 1329, 1331-32 (9th Cir. 1987), but fails as moot if there are

any relevant changes, see Bunker Ltd. P'ship v. United States, 820 F.2d 308, 312 (9th Cir. 1987). The new road management rule will not take final effect until at least May 2001. See 66 Fed. Reg. 8899 (Feb. 5, 2001). A two-month delay in its finalization ordered in conjunction with the change in Presidential administrations strongly hints that changes may still be made. If appellants want to challenge the validity of the new rule, they must wait until that rule is finalized.

Dismissal as moot is appropriate in this case. Were the court to grant the relief requested, it would have no ultimate effect. See Phelps v. Hamilton, 122 F.3d 885, 891 (10th Cir. 1997). Further, appellants' claims do not fall within either of the two exceptions to the mootness doctrine.

The appeal is DISMISSED as moot.

Entered for the Court

Per Curiam