**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: RODGER J.P. MARSDEN,

Debtor.

---

RODGER J.P. MARSDEN,

Plaintiff-Appellant,

v.

FIRST NATIONWIDE MORTGAGE
CORPORATION, a Delaware
corporation; LOMAS MORTGAGE
USA, INC., a Connecticut corporation,

Defendants-Appellees.

No. 03-4020
(D.C. No. 2:00-CV-413-TC)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro-se plaintiff Rodger J.P. Marsden asserts in his notice of appeal that he is challenging numerous "underlying judgments and orders listed in the U.S. District Court Docket, together with all motions, documents and transcripts related thereto." R., Doc. 78 at 2. Although not entirely clear, it appears that Mr. Marsden appeals the district court's (1) grant of summary judgment to defendant First Nationwide Mortgage Corporation ("First Nationwide"); (2) grant of defendant Lomas Mortgage USA, Inc.'s Fed. R. Civ. P. 12(b)(6) motion; and (3) order denying Mr. Marsden's motion to recuse.

We review a district court's grant of summary judgment and Rule 12(b)(6) motions de novo. *Santana v. City of Tulsa*, 359 F.3d 1241, 1243 (10th Cir. 2004). We review the denial of a motion to recuse for an abuse of discretion, and "will uphold a district court's decision unless it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003) (quotation omitted). Because Mr. Marsden is pro se, we construe his pleadings liberally. *Santana*, 359 F.3d at 1243. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

The parties are familiar with the facts and procedural history underlying this case. We therefore do not repeat either except as necessary. When this controversy arose, First Nationwide was the owner of a loan that Mr. Marsden had

obtained to purchase a home.  Lomas Mortgage USA, Inc. ("Lomas") is First Nationwide's predecessor-in-interest.  Mr. Marsden filed for Chapter 13 bankruptcy protection in 1993.  In October 1996, he stopped making his mortgage payments.  First Nationwide obtained relief from the bankruptcy automatic stay in November 1996.

During the course of Mr. Marsden's bankruptcy proceedings, he filed an adversary proceeding against First Nationwide and Lomas alleging violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.  He also raised claims of fraud, breach of contract and fiduciary duty, personal injury, and emotional distress.  Mr. Marsden sought general and punitive damages, free-and-clear title to his residence, and debt forgiveness. [1]  Because Mr. Marsden's adversary proceeding included a personal injury tort claim, the bankruptcy court ordered the case transmitted to the federal district court on May 18, 2000.

On May 23, 2001, the district court granted First Nationwide summary judgment.  On October 1, 2001, the district court granted Lomas' 12(b)(6) motion.

---

[1]     We take judicial notice of Mr. Marsden's adversary proceeding complaints, which were filed with the bankruptcy court.

On December 20, 2002, the district court denied Mr. Marsden's motion to, among other things, recuse. This appeal followed. [2]

## DISCUSSION

We count thirteen issues raised by Mr. Marsden. Most of his claims are not properly before this court, as we explain below.

Pursuant to a stipulation executed by Mr. Marsden and First Nationwide, First Nationwide foreclosed on Mr. Marsden's home on June 12, 2001. A third party now owns the property. Thus, we begin by disposing of two claims for relief cited by Mr. Marsden on appeal. He asks this court first, to "[r]everse the foreclosure" of his former home, and second, to "[r]everse and/or remand for trial all downstream sales and encumbrances of . . . [his former] residence." Aplt. Br. at 21. But "courts have dismissed bankruptcy appeals as moot where the bankruptcy court granted a creditor relief from the automatic stay, the debtor failed to obtain a stay of that order pending appeal, and the creditor already

---

[2] Even though Mr. Marsden filed his notice of appeal on January 21, 2003, we conclude that it was timely because the district court has not entered a separate judgment for any of the orders that Mr. Marsden appeals. *See Thompson v. Gibson*, 289 F.3d 1218, 1221 (10th Cir. 2002) ("In certain cases, we have construed formulary orders as judgments when intended as final judgments, but doing so here would result in [appellant's] appeal being untimely. Notwithstanding, Rule 58 should be interpreted to preserve an appeal where possible, and the lack of a final judgment entered in this case means that the time for filing a notice of appeal has yet to run.") (citation omitted); *accord Clough v. Rush*, 959 F.2d 182, 185-86 (10th Cir. 1992).

conducted a foreclosure sale." *Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 502 (10th Cir. 2000); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte."). Here, the bankruptcy court granted First Nationwide relief from the automatic stay in 1996, Mr. Marsden did not obtain a stay, and one of the objects of Mr. Marsden's adversary proceeding –his former residence– was transferred over two years ago. We find the reasoning of *Out of Line Sports, Inc.* persuasive, and we hold that Mr. Marsden's requests that we undo the foreclosure and remand all downstream sales and encumbrances are moot. *See Out of Line Sports, Inc.*, 213 F.3d at 501 ("An appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred."). The balance of Mr. Marsden's appeal, however, is not moot.

Mr. Marsden takes issue with the district court's handling of his case, contending that the district court should have ordered the case file from the bankruptcy court, honored the bankruptcy court's scheduling order, and issued him subpoena forms that were signed but otherwise blank. The district court neither considered nor ruled upon these claims, and they are not related to the underlying merits of Mr. Marsden's case. We will therefore not consider them. *See In re Walker*, 959 F.2d 894, 896 (10th Cir. 1992) (as a general rule, we will

-5-

not consider issues not passed upon by the district court); *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) (we will not "undertake to decide issues that do not affect the outcome of a dispute"). Mr. Marsden also contends that the District of Utah's local rule DUCivR 16-1(a)(1)(A) is unconstitutional in exempting bankruptcy withdrawals and pro se litigants from scheduling conferences. Mr. Marsden did not raise this issue in the district court, and we therefore need not address it on appeal. *In re Walker*, 959 F.2d at 896.

Mr. Marsden next asserts that the district court judge should "be required to recuse," Aplt. Br. at 19, but he offers no argument or authority to support this proposition. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (party must support his argument with legal authority). Instead, he states that he leaves the issue "up to this court." Aplt. Br. at 19. Without more, Mr. Marsden's bald assertion is insufficient to prevail. Moreover, on the record before us, we cannot say that the district court judge's decision not to recuse herself was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Higganbotham*, 328 F.3d at 645.

Likewise, without argument or authority, Mr. Marsden complains that First Nationwide and Lomas violated the automatic stay, and states, "[s]upplement to follow, in this regard." Aplt. Br. at 18. Mr. Marsden never filed a supplement, and he fails to develop or support his argument. *Phillips*, 956 F.2d at 953-54;

*Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point."). Similarly, without any discussion or citation to case law, Mr. Marsden asks this court to "[r]emand for jury trial the matters of fraudulent intent and of all actual and punitive damages (including RICO and personal injury damages)." Aplt. Br. at 21. As we have previously stated, we will not consider a claim that lacks substantiation. *Phillips*, 956 F.2d at 953-54; *Pelfresne*, 917 F.2d at 1023.

Mr. Marsden also asserts that First Nationwide and Lomas failed to disclose the existence of HUD Mortgagee Servicing Regulations, in violation of "the disclosure requirements of Fed.R.Civ.P. 26(a)(1)(B) that were in effect until 12/01/2000." Aplt. Br. at 19. Mr. Marsden misunderstands Rule 26. The 2000 version of Federal Rule 26(a)(1)(B) provided:

> (a) Required Disclosures; Methods to Discover Additional Matter.
>
> (1) Initial Disclosures. Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to other parties:
>
> * * *
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

But nowhere in this version was an affirmative duty placed upon a party to produce potentially relevant *legal authority* to an opposing party. Instead, parties were required to disclose *documentary* evidence "relevant to disputed facts." *Id.*

In Mr. Marsden's view, the district court also erred in entering summary judgment for First Nationwide. He supports this contention, however, with a restatement of several of the issues that we have already considered and rejected. Notwithstanding, Mr. Marsden did articulate an independent error: that the district court improperly entered a "default" summary judgment against him. Aplt. Br. at 2, 8, 17. In fact, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Having closely reviewed the record, it appears that the district court looked beyond Mr. Marsden's failure to timely respond. It also determined that judgment for First Nationwide was appropriate under Rule 56 as a matter of law. *See* Aplee. First Nationwide's Br., App. B at 10 (transcript of summary judgment hearing); *see also Reed*, 312 F.3d at 1195.

Mr. Marsden next claims that the "dismissals with prejudice as to Lomas and First Nationwide are void." Aplt. Br. at 17. He advances two theories to support this assertion. First, Mr. Marsden again offers a restatement of several of the issues that we have already considered and rejected. Second, Mr. Marsden

-8-

contends that the dismissals are void because the district court "did not even have the complaint/amended complaints before it." Aplt. Br. at 17-18. This contention is unsupported by the record evidence which shows that "[c]ertified copies of pertinent pleadings were transmitted to the United States District Court by the Office of the Clerk of the Bankruptcy Court on 5/18/00." R., Doc. 2, at 1.

Finally, Mr. Marsden complains that the district court granted Lomas' 12(b)(6) motion "3 days prematurely . . . , failing to wait for appellant pro se's timely-filed response." Aplt. Br. at 9-10. Mr. Marsden filed his response on its due date: October 1, 2001. The district court order granting Lomas' motion was signed by the district court judge on September 28, 2001, but filed on October 1, 2001. Although this chronology leaves open whether the district court considered Mr. Marsden's response, our focus in conducting a de novo review of a district court's 12(b)(6) dismissal is on the plaintiff's complaint. *Bell v. Fur Breeders Agric. Coop.*, 348 F.3d 1224, 1230 (10th Cir. 2003). Our task is not to weigh evidence the parties might proffer at trial, but rather to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (quotations omitted), *cert. denied*, 124 S. Ct. 1411 (2004). Mr. Marsden alleged that Lomas violated RICO and RESPA. He also asserted claims of fraud, breach of contract and fiduciary duty, personal injury, and emotional distress.

But Mr. Marsden's complaints fail to allege "sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Instead he makes conclusory assertions that Lomas acted fraudulently, breached the terms of the trust deed, caused Mr. Marsden to suffer great mental anguish and distress, breached the terms of the RESPA regulations, and violated RICO. Although well-pleaded facts will be taken as true, conclusory allegations that lack "supporting factual averments are insufficient to state . . . claim[s] on which relief can be based;" thus, we conclude that the district court properly dismissed Mr. Marsden's claims against Lomas for failure to state a claim. *See id.*

The district court's orders dated May 23, 2001, October 1, 2001, and December 20, 2002 are AFFIRMED. We DENY Lomas' unsupported request for attorneys fees. *See Phillips*, 956 F.2d at 953-54.

Entered for the Court

Monroe G. McKay
Circuit Judge

-10-