**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: GERALD WEDEL and LETHA
WEDEL,

     Debtors,

_____

GERALD WEDEL; LETHA WEDEL,

    Appellants,

v.

CENTERA BANK,

    Appellee.

No. 03-3240
(BAP No. KS-03-049)
(BAP)

**ORDER AND JUDGMENT** *

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from an order of the Bankruptcy Appellate Panel (BAP) dismissing appellants' appeal from a bankruptcy court order granting appellee's motion to lift the automatic stay, thereby permitting appellee to enforce the liens securing its claims against appellants' crops and farm equipment in accordance with state law. The BAP dismissed appellants' appeal for lack of jurisdiction because it was untimely filed. Appellants did not obtain a stay of that order.

Since then, appellee has secured a state court order permitting it to take possession of, and sell certain equipment subject to, appellants' claimed exemption of $15,000 as tools of the trade. A public foreclosure sale was held earlier this year and, as required by the bankruptcy court, the first $15,000 of the sale proceeds was remitted to the appellants. We issued a show cause order directing appellants to brief the issue of mootness. In response, appellants have addressed only the merits underlying their appeal to the BAP and their justification for filing an untimely notice of appeal.

"A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *Office of Thrift Supervision v. Overland Park Fin. Corp.* (*In re Overland Park Fin. Corp.*), 236 F.3d 1246, 1254 (10th Cir. 2001) (further quotations omitted). A bankruptcy appeal becomes moot when the bankruptcy court has granted relief from an automatic stay, the debtor has failed to obtain a stay of that order pending appeal, and the creditor has conducted a foreclosure sale. *See Out of Line Sports, Inc. v. Rollerblade, Inc.*, 213 F.3d 500, 502 (10th Cir. 2000). "An appeal is moot if the court of appeals can no longer grant effective relief because the object of the suit has been transferred." *Id.* at 501.

Accordingly, this appeal is moot and is DISMISSED for that reason.

Entered for the Court

David M. Ebel
Circuit Judge