23CA1057 Denney v Olsen 09-05-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1057 Yuma County District Court No. 22CV1 Honorable Justin B. Haenlein, Judge Jeffrey P. Denney, Plaintiff-Appellant, v. Keree DeLynn Olsen, Defendant-Appellee. APPEAL DISMISSED Division V Opinion by JUDGE JOHNSON Freyre and Brown, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced September 5, 2024 Ausmus Law Firm P.C., Adam R. Ausmus, Greenwood Village, Colorado, for Plaintiff-Appellant Wagers Law Firm P.C., Sara M. Wagers, Wray, Colorado, for Defendant-
Appellee 
1 ¶ 1 Plaintiff, Jeffrey P. Denney (Denney) had to sell property to pay a civil judgment owed to defendant, Keree DeLynn Olsen (Olsen). He appeals the district court order that awarded him an exemption from sale or levy of up to $20,000 worth of his tools-of-trade property as part of his “other gainful occupation” under section 13-
54-102(1)(i)(I)(B), C.R.S. 2024. He contends the district court erred because he should have been awarded a larger exemption. We dismiss the appeal as moot. I. Background ¶ 2 Denney filed this replevin action against Olsen, his ex-
girlfriend. He sought return of property that he had left at Olsen’s home following their breakup. Some of this property included vehicles and tools Denney had used when he worked in the construction field. Olsen counterclaimed, asserting, as relevant here, a civil theft claim for various items she alleged that she had purchased during the relationship but Denney had stolen. ¶ 3 After a hearing, the district court ordered that some of the items Denney sought needed to be returned to Olsen, and that Olsen prevailed on her civil theft claim. The court awarded Olsen $64,995.59 in damages (which were trebled). In addition to the civil 
2 judgment, the court awarded Olsen attorney fees and costs. As of May 2023, Denney owed Olsen $82,116, which included accrued interest. ¶ 4 Olsen began efforts to collect on her judgment and Denney sought a stay. As part of his request, Denney sought a property exemption that would have allowed him to retain up to $60,000 in property for his “primary gainful occupation” under section 13-54-
102(1)(i)(I)(A). Following another hearing, the court concluded that Denney did not have a “primary gainful occupation,” but he had “other gainful” work in the construction field. As a result, the court determined that Denney was entitled to a tools-of-trade property exemption in the aggregate value of $20,000. The court exempted from levy and sale several of Denney’s tools. ¶ 5 Although Denney requested that the order be stayed so that the unexempted tools were not sold, his repeated requests were denied by the district court because he did not obtain a supersedeas bond. His tools were sold at auction in May 2023. Olsen’s judgment was credited $8,517.02 from the sale of Denney’s tools. On May 18, 2023, the Yuma County Sheriff’s Office, which had executed on the writs and sold the tools at auction, filed a 
3 report (sheriff’s report) with the court indicating that the outstanding amount of Olsen’s judgment was $73,598.98. See Schnelle v. Cantafio, 2024 COA 17, ¶ 2 n.1 (an appellate court may take judicial notice of court documents related to the case under CRE 201(b)).
1 ¶ 6 Denney appeals, contending that the district court improperly interpreted section 13-54-102(1)(i)(I) by holding that he did not have a “primary gainful occupation,” and therefore, he should be eligible for the tools-of-trade property exemption up to $60,000. In other words, he claims that none of his tools should have been sold at auction so Olsen must compensate him. ¶ 7 Although both parties mentioned that Denney’s tools had been sold, neither party briefed whether this fact affected this appeal. We requested supplemental briefing from the parties on (1) whether this appeal was moot, and if not, (2) what remedy could be provided to Denney because his tools cannot be recovered from the bona fide purchasers. We conclude that this appeal is moot. 1 Although the sheriff’s report was filed in the district court before Denney filed his notice of appeal, the document is not in the record on appeal. 
4 II. Standard of Review ¶ 8 We may raise mootness nostra sponte because the doctrine implicates a court’s subject matter jurisdiction. In re Marriage of Wenciker 2022 COA 74, ¶¶ 8-9; Fullerton v. Cnty. Ct., 124 P.3d 866, 867 (Colo. App. 2005). ¶ 9 We review de novo whether an appeal is moot. DePriest v. People, 2021 CO 40, ¶ 8. Because courts must only decide actual controversies, when events occur while a case is pending that make it “impossible for the court to grant ‘any effectual relief’ . . . to a prevailing party,” then the court must dismiss the appeal as moot. Id. (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)); see also In re Marriage of Tibbetts, 2018 COA 117, ¶ 8 (“An issue is moot when a judgment, if rendered, would have no practical legal effect on the existing controversy.” (quoting In re Marriage of Dauwe, 148 P.3d 282, 284 (Colo. App. 2006))). III. Mootness ¶ 10 In her supplemental brief, Olsen contends that, even if Denney is entitled to a property exemption up to $60,000, any judgment ordering Olsen to pay Denney for his tools is money she could 
5 garnish from Denney to pay to herself because she continues to have an outstanding judgment against him. We agree. ¶ 11 It is true that under section 18, comment f of the Restatement (Third) of Restitution and Unjust Enrichment (Am. L. Inst. 2011) (hereinafter Restatement), when property of a judgment debtor has been sold on execution, and the underlying judgment is set aside, the judgment debtor may assert a restitution claim against the judgment creditor. In such instances, the judgment debtor’s restitution “claim is limited — where the judgment creditor has acted in good faith — to the amount of the sale proceeds, with interest.” Id. at cmt. f(1); see also Tuscany, LLC v. W. States Excavating Pipe & Boring, LLC, 128 P.3d 274, 281 (Colo. App. 2005) (citing Restatement (First) of Restitution § 74 cmt. m (Am. L. Inst. 1937), for the restitution formula).
2 ¶ 12 But Denney appeals the wrong order to be able to assert a restitution claim. The Restatement authorizes a claim for restitution when the underlying judgment is reversed on appeal, 2 Based on the formula set forth in section 18 the Restatement (Third) of Restitution and Unjust Enrichment (Am. L. Inst. 2011), we reject Denney’s claim that he would be entitled to compensation for new tools to replace his older tools. 
6 which in this case means Olsen’s judgment involving her civil theft claim, not the court’s exemption order. Here, Denney did not file an appeal challenging the underlying civil theft judgment. Olsen’s judgment remains intact no matter what relief could be granted in this appeal. ¶ 13 Denney’s reliance on FCC Construction, Inc. v. Casino Creek Holdings, Ltd., 916 P.2d 1196, 1198 (Colo. App. 1996), is therefore misplaced. In that case, a division of this court was presented with whether a defendant’s case was moot because he failed to obtain a supersedeas bond following an order for sale of his home. Id. But Denney misconstrues the nature of the appeal: the defendant in that case was challenging the underlying judgment obtained by the plaintiff. Id. If Denney had appealed Olsen’s civil theft judgment, then under FCC Construction, Inc., this case would likely not be moot because he would be entitled to compensation for his sold tools if he prevailed and Olsen’s civil theft judgment was reversed. ¶ 14 And even if we were to read section 18, comment f of the Restatement as contemplating review of a judgment debtor’s exemption order to form the basis of a restitution claim, illustration 
7 9 nonetheless forecloses any practical relief to Denney. That illustration says, A obtains a judgment against B for $25,000. Property of B worth $35,000 is sold at execution to C, a bona fide purchaser who is otherwise a stranger to the transaction. C is aware that B is prosecuting an appeal from A’s judgment. The sale, although properly conducted, brings only $25,000: this amount is paid to A. A’s judgment against B is subsequently reversed on appeal. B has no claim to recover the property from C. B has a claim in restitution against A to the extent of A’s unjust enrichment. If A’s actions have been in good faith, B’s claim is for $25,000 plus interest. Restatement § 18 cmt. f, illus. 9 (emphasis added). Here, the sheriff’s report indicated that it received a bid for Denney’s property at auction totaling $48,343, of which, as noted above, $8,517.02 was credited to Olsen’s judgment.
3 Because Denney owes Olsen far more than she recovered from the auction, it is difficult to discern how Olsen is unjustly enriched. ¶ 15 Generally whether a person is unjustly enriched is an adjudicative finding a district court makes in the first instance. We 3 The report also indicated that monies were paid to the sheriff’s office for its auction services and to Olsen as part of her efforts to obtain the order authorizing levy and sale of Denney’s property. 
8 acknowledge that appellate courts should cautiously take judicial notice so as not to “bypass the usual fact finding process.” Prestige Homes, Inc. v. Legouffe, 658 P.2d 850, 853 (Colo. 1983). Here, though, we may take judicial notice of the auction amount and civil judgment amounts based on CRE 201(b)(2). Our determination that Olsen is still owed money is “capable of accurate and ready determination,” and we “resort[ed] to sources whose accuracy cannot reasonably be questioned” in the form of the court record. CRE 201(b)(2). Assuming Denney prevailed in this appeal, neither the $48,343 amount obtained at auction for Denny’s tools nor the $8,517.02 credited to Olsen’s judgment covers the outstanding balance of Olsen’s judgment of $73,598.98. In short, if Denney prevailed in this appeal, any money judgment Denney obtained against Olsen for his tools would be money still owed to Olsen to satisfy her existing judgment. Thus, any relief that may be awarded 
9 Denney in this appeal would have no practical effect on the existing controversy.
4 IV. Conclusion ¶ 16 We dismiss this appeal as moot. JUDGE FREYRE and JUDGE BROWN concur. 4 Denney contends that even though he did not obtain a supersedeas bond to stay the sale of his tools, he has not waived his claim, rendering his appeal moot. But whether an appeal is moot by waiver is distinct from whether the appeal is moot on other grounds. See Munoz v. Indus. Claim Appeals Off., 271 P.3d 547, 551 (Colo. App. 2011) (finding that when a person sought a stay, the issue on appeal could not be rendered moot due to waiver, but that the appeal was moot for other reasons). Because we dismiss the appeal as moot for reasons other than waiver, we do not address this argument.